Opinion issued February 19, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00141-CR




REGINALD CHARLES ST. JULIAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 920010




O P I N I O N

          Appellant, Reginald Charles St. Julian, pleaded not guilty to the felony offense
of possession with intent to deliver a controlled substance, namely, cocaine, weighing
at least four grams, but less than 200 grams. A jury convicted appellant, and the trial
court assessed punishment at 30 years’ confinement. In four issues, appellant
contends that the evidence is legally and factually insufficient to support his
conviction because the State failed to (1) corroborate accomplice-witness testimony
and (2) prove that at least one element of the offense occurred in the State of Texas. 
We affirm, and, on our motion, we reform the judgment of the court below in order
that the judgment conform to the record.
Background
          On August 4, 2002, Jose Claudio discovered his wife, Crystal Porter, missing
from their home after she had been drinking heavily. He spoke with her substance-abuse-rehabilitation sponsor and learned that she was at a Red Carpet Inn and using
cocaine. The sponsor knew Porter’s whereabouts because she had received a
telephone call from Porter asking for help. 
          Claudio telephoned the police and attempted to reach his wife by telephone at
the Red Carpet Inn in question. A man answered the phone initially, but then hung
up, and never answered Claudio’s repeated calls. Claudio went to the Red Carpet Inn
and learned that his wife had rented room number 110. Claudio banged on the
parking-lot door of room 110, demanding to see his wife. A man refused to open the
door and would only look through the window at Claudio. Claudio recognized the
man as appellant, a person whom he had seen before in his neighborhood. Porter left
the room through its second hallway door and met Claudio in the parking lot, where
they waited for the police. Claudio did not want to leave the premises because
appellant was still in the room that Claudio’s wife had rented with her and Claudio’s
credit card.
          Officer Scott Girard, a patrol officer with the Houston Police Department, was
dispatched to the Red Carpet Inn, where he encountered Claudio and Porter arguing
in the parking lot. Porter was intoxicated and told Officer Girard that she had been
using cocaine with appellant in the hotel room, but that she did not have a key to the
room. Porter told Officer Girard that the cocaine belonged to appellant, and that
appellant had threatened her with a knife and had refused to let her out of the room.
          Claudio was able to obtain a key to the room from the front desk because the
room had been paid for with his and Porter’s credit card. Claudio and Officer Girard
entered room 110 together, but found no one inside. Officers Olvera and Cardenas
arrived to help Officer Gerard search the hotel room. They found a bag of cocaine
partially concealed in a telephone book and another bag of cocaine in a sock. Porter
was arrested for the illegal narcotics and placed into a patrol car.
          While the officers were field testing the narcotics in the hotel room, appellant
knocked on the hallway door to room 110. When the officers opened the door,
Claudio recognized appellant as the person whom he had seen earlier in room 110,
and the officers arrested appellant. Appellant was found in possession of a hotel key-card that opened room 110, a knife containing visible residue that field tested positive
for cocaine, and approximately $400 in cash money in small denominations. 
Territorial Jurisdiction
          In his third and fourth issues, appellant claims that the evidence is both legally
and factually insufficient to support his conviction because the State failed to prove
that any element of the offense took place within the territorial jurisdiction of the
State of Texas.
          In assessing legal sufficiency, we determine whether, based on all of the record
evidence, viewed in the light most favorable to the verdict, a rational jury could have
found the accused guilty of all of the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89
(1979); Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). In
conducting our review of the legal sufficiency of the evidence, we do not reevaluate
the weight and credibility of the evidence, but only ensure that the jury reached a
rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).
          In reviewing factual sufficiency of the evidence, we consider all of the
evidence in a neutral light. Swearingen, 101 S.W.3d at 97. We must reverse a
conviction if the proof of guilt is so weak as to undermine the confidence of the jury’s
determination, or if the proof of guilt, although adequate if taken alone, is greatly
outweighed by the proof of innocence. Id. Although we may disagree with the jury’s
verdict, we must defer to the jury’s determination of the weight and credibility of the
evidence and will reverse the jury’s verdict only to avoid manifest injustice. Id.
          The State may prosecute only those crimes that occur within or directly affect
the state. Tex. Pen. Code Ann. § 1.04 (Vernon 2003). According to appellant, there
was no testimony that the Red Carpet Inn was located within the City of Houston, in
Harris County, or anywhere within the State of Texas. Officer Girard, however,
testified that he was dispatched to the Red Carpet Inn at 6868 Hornwood. When the
prosecutor asked Girard, “And is this location, Hornwood, in Harris County, Texas?” 
Girard replied that it was. The cocaine was found in room 110 of the Red Carpet Inn. 
No other evidence disputed that the offense occurred in Harris County, Texas. 
          Viewing the record in the light most favorable to the prosecution, we conclude
that a rational jury could have found beyond a reasonable doubt that room 110 in the
Red Carpet Inn was located in Harris County, Texas. We therefore conclude that the
evidence was legally sufficient to support appellant’s conviction. See Swearingen,
101 S.W.3d at 95. Furthermore, after viewing all of the evidence in a neutral light,
we conclude that the proof that at least one element of the offense occurred within the
State of Texas was not so greatly outweighed by contrary proof as to make the jury’s
verdict manifestly unjust. We therefore conclude that the evidence was factually
sufficient to support appellant’s conviction. See id. at 97.
          We overrule appellant’s third and fourth issues.
Accomplice Testimony Corroboration
          In his first and second issues, appellant contends that the evidence is both
legally and factually insufficient to support his conviction because the State failed to
corroborate the accomplice-witness testimony of Crystal Porter.
          A conviction cannot be had on the testimony of an accomplice unless 
corroborated by other evidence that tends to connect the defendant with the offense
committed, and the corroboration is not sufficient if it merely shows the commission
of the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). In assessing
the sufficiency of corroborative evidence, we eliminate the testimony of the
accomplice witness from consideration and examine the testimony of other witnesses
to ascertain whether the non-accomplice evidence tends to connect the accused with
the commission of the offense. Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim.
App. 1997). The non-accomplice evidence need not be sufficient itself to establish
the accused’s guilt beyond a reasonable doubt. Id. All the law requires is that some
non-accomplice evidence tends to connect the accused to the commission of the
offense. Id.
          Porter was an accomplice as a matter of law because she was charged as a party
for possession of the same illegal narcotics in room 110. See Tex. Pen. Code Ann.
§ 7.02 (Vernon 2003). Porter testified that she encountered appellant at her apartment
complex and that he showed her a large quantity of cocaine. Because she was
intoxicated from alcohol, she craved the cocaine. She took a cab with appellant to the
Red Carpet Inn, where she rented a room using her and Claudio’s credit card. Once
inside the room, appellant “cut” lines of cocaine with a knife, which both appellant
and Porter inhaled. When appellant left the room momentarily, Porter became
paranoid and telephoned her substance-abuse-rehabilitation sponsor. When appellant
returned to the room, he became angry with Porter for using the telephone and
threatened her with the knife. Later, when Claudio banged on the room’s door, 
appellant again threatened Porter and ordered her into the bathroom, but she left by
the hallway door to meet Claudio in the parking lot.
          The non-accomplice evidence in this case came from both Claudio and the
police officers. Claudio’s testimony established that appellant was in room 110 about
25 minutes before police officers arrived. Porter appeared in the hotel parking lot
when Claudio was banging on the door to room 110 and demanding to see Porter. 
The officers’ testimony established that the cocaine was found in room 110 and that
appellant appeared at the room’s door with (1) a key to the room, (2) a knife with
visible residue that tested positive for cocaine, and (3) approximately $400 cash in
small bills.
          Although appellant claims that the non-accomplice evidence is both legally and
factually insufficient to sustain his conviction, the Court of Criminal Appeals has
declined to impose the legal and factual sufficiency standards


 on a review of
accomplice witness testimony under article 38.14. Cathey v. State, 992 S.W. 2d 460,
462 (Tex. Crim. App. 1999). The accomplice-witness rule is a statutorily imposed
sufficiency review and is not derived from the federal or state constitutional
principles that otherwise define legal and factual sufficiency review. Id. at 462-63. 
The burden established by the Legislature is that other evidence tend to connect the
defendant with the offense, and the State met that burden here. See id. at 463. 
Having reviewed the circumstances of the offense and the testimony from the non-accomplices, we conclude that sufficient non-accomplice evidence tends to connect
appellant to the commission of the offense, as required by article 38.14. See
Hernandez, 939 S.W.2d at 178. 
          We overrule appellant’s first and second issues.
Judgment Reformation
          Although not raised by either appellant or the State, our review of the record
reveals a clerical error in the trial court’s judgment. The signed verdict reflects that
the jury convicted appellant of the first-degree felony of “possession with intent to
deliver a controlled substance, namely, cocaine, weighing more than four grams and
less than 200 grams by aggregate weight, including any adulterants or dilutants, as
charged in the indictment.” However, the judgment indicates that appellant was
convicted of the second-degree felony of “possession of cocaine weighing more than
four grams and less than 200 grams.” Furthermore, the judgment reflects appellant’s
punishment as 30 years’ confinement. A first-degree felony carries a maximum
sentence of 99 years’ confinement, but a second-degree felony carries only a
maximum sentence of 20 years’ confinement. Tex. Pen. Code Ann. §§ 12.32, 12.33
(Vernon 2003). Thus, the recital of appellant’s conviction in the judgment is not
consistent with the recital of appellant’s punishment.
          An appellate court may correct and reform a trial court judgment to make the
judgment congruent with the record. Nolan v. State, 39 S.W.3d 697, 698 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). Accordingly, we reform the judgment of
the trial court to reflect that appellant was convicted of the first-degree felony of
possession with intent to deliver a controlled substance, namely, cocaine, weighing
more than four grams and less than 200 grams by aggregate weight, including any
adulterants or dilutants, as charged in the indictment. See id.Conclusion
          We affirm, as reformed, the judgment of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
Panel consists of Justices Nuchia, Alcala, and Hanks.

Publish. Tex. R. App. P. 47.4(a).