Opinion issued July 21, 2005.










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00250-CR




JAMES VICTOR MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 936141




MEMORANDUM OPINION
          A jury found appellant, James Victor Martinez, guilty of aggravated robbery.
The trial court sentenced him to 40 years’ confinement and assessed a $10,000 fine. 
In his sole issue, appellant contends that the evidence was legally insufficient to
sustain his conviction because the State failed to sufficiently corroborate the
testimony of an accomplice witness. We reform the judgment of the trial court and,
as reformed, affirm.
Background
A. Non-Accomplice Evidence
          Ignacio Alonso, a manager and cook at Taqueria Cancun, testified that, on the
day of the robbery, he observed three men enter his restaurant. One man entered with
a gun and stood by the door, a second man approached the counter and removed the
cash register, and a third man stole a bracelet from a customer. He explained that the
gunman announced, “This is a robbery. Nobody move.” Alonso only saw the
gunman’s face from above the nose because the gunman was wearing a mask. Two
weeks later, Alonso positively identified appellant as the gunman in a live lineup, but
was unable to identify appellant in court because he said that “too much time had
passed.”
          Jessica Alainz, a waitress at Taqueria Cancun, testified that, immediately
before the robbery, a man entered the restaurant and walked to the restroom. She
testified that she could not remember how long the man stayed in the restroom, but
she noticed that he was “looking around at everything upon coming in” and his
behavior seemed “suspicious.” Alainz further testified that, not long after the man
left the restroom, three men robbed the restaurant. She explained that one man
entered the restaurant with a gun and stood by the door, a second man displayed a
knife, and a third man took the cash register and ran out of the restaurant. A week
later, Alainz viewed a videotaped lineup and tentatively identified a man as the man
she saw use the restroom shortly before the robbery.
          Cathlina Hernandez, a customer who was seated next to the cash register,
testified that she was facing the door when the three men entered the restaurant. 
Hernandez testified that one man remained by the door with a gun, a second man
displayed a knife and went around taking money and jewelry from the customers, and
a third man grabbed the cash register. A few weeks later, in a videotaped lineup,
Hernandez identified appellant as the gunman. At trial, however, Hernandez was
unable to make an in-court identification.Paul Reece, a detective assigned to investigate the Taqueria Cancun robbery,
testified that both Alonso and Hernandez positively identified appellant as the
gunman. Reece also testified that Alainz “tentatively” identified appellant as the
gunman.
B. Accomplice Testimony
          Jesus Ledezma, Jr., a co-defendant, testified that the robbery was appellant’s
idea and that appellant was the gunman. Ledezma testified that he was at Eric
Martinez’s home when appellant asked them if they wanted to rob the restaurant. 
Ledezma testified that appellant told them that, “an easy way to make some money
was to grab a cash register and run.” Ledezma testified that he, along with appellant,
Eric Martinez, Ronald Wheeler, and Isaac Gandara, participated in the robbery. 
Ledezma stated that he grabbed the cash register and was the first one to leave the
restaurant. He further testified that he did not notice whether appellant was holding
a gun during the robbery, however, when they returned to the car, appellant had a gun
in his lap. Ledezma testified that Wheeler drove them back to Eric’s apartment where
they split the money.
Accomplice Testimony Corroboration
          In his sole issue, appellant contends that the evidence was legally insufficient
to sustain his conviction for aggravated robbery because the State failed to
sufficiently corroborate Ledezma’s accomplice witness testimony.
          “A conviction cannot be [obtained] upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense
committed; and the corroboration is not sufficient if it merely shows the commission
of the offense.” Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). The
purpose of the corroborating evidence requirement is to ensure that the conviction of
an accused rests upon more than the testimony of an accomplice, because an
accomplice may have an incentive to be untruthful. Young v. State, 95 S.W.3d 448,
451 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). In assessing the sufficiency
of corroborative evidence, we eliminate the testimony of the accomplice witness from
consideration and examine the testimony of other witnesses to ascertain whether the
non-accomplice evidence tends to connect the accused with the commission of the
offense. Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). The
non-accomplice evidence does not, by itself, have to establish the defendant’s guilt
beyond a reasonable doubt. St. Julian v. State, 132 S.W.3d 512, 516 (Tex.
App.—Houston [1st Dist.] 2004, pet. ref’d); see also Torres v. State, 137 S.W.3d 191,
196 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (holding that, although the
evidence may have been insufficient to prove defendant’s guilt, without the
accomplice’s testimony, it was sufficient to connect Torres to the offense). All that
the law requires is that the non-accomplice evidence tends to connect the defendant
to the commission of the offense. Torres, 137 S.W.3d at 196. There is no
requirement that the non-accomplice evidence corroborate every element of the
offense. See Lopez v. State, 960 S.W.2d 948, 951 (Tex. App.—Houston [1st Dist.]
1998, pet. ref’d). 
          Furthermore, while the defendant’s mere presence in the company of the
accomplice before, during, and after the commission of the offense is insufficient by
itself to corroborate the testimony, evidence of such presence, coupled with other
suspicious circumstances, may tend to connect the accused to the offense. See
Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996) (interpreting
accomplice witness corroboration requirement). Even apparently insignificant
incriminating circumstances may sometimes afford satisfactory evidence of
corroboration. Id. Where corroborating evidence required for a conviction is lacking,
the defendant will be entitled to a verdict of acquittal. Tex. Code Crim. Proc. Ann.
art. 38.17 (Vernon 2005).
          In this case, Alonso, Alainz , and Hernandez independently testified that three
men robbed the restaurant. Each of them also testified that one man entered the
restaurant with a gun and stood by the door, a second man approached the counter
and grabbed the cash register, and a third man stole jewelry from some customers. 
Alonso further testified that the gunman announced, “This is a robbery. Nobody
move.” Finally, although they could not identify appellant in court, both Alonso and
Hernandez, in separate lineups after the robbery, positively identified appellant as the
gunman. Alainz also “tentatively” identified appellant as the gunman.
          Although appellant argues that the non-accomplice evidence is legally
insufficient to support his conviction and urges this Court to apply the traditional
legal sufficiency standard under Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct.
2781, 2789 (1979), we decline to impose this standard on a review of accomplice
witness testimony under article 38.14. See Cathey v. State, 992 S.W.2d 460, 462
(Tex. Crim. App. 1999). The accomplice-witness rule is a statutorily-imposed
sufficiency review and is not derived from the federal or state constitutional
principles that otherwise define a legal-sufficiency review. Id. at 462-63. The State
has met its burden of showing that other evidence tends to connect the defendant with
the offense. See id. at 463. Accordingly, having reviewed the circumstances of the
offense and the testimony from the non-accomplice witnesses, we hold that the
non-accomplice evidence tends to connect appellant to the commission of the offense. 
See Hernandez, 939 S.W.2d at 178.
          We overrule appellant’s sole issue.
Reformation of Judgment of Conviction and Sentence
          The written judgment and sentence in this case reflect that appellant was
sentenced to 40 years’ confinement and no fine. The record, however, reflects that
the trial court assessed punishment and orally sentenced appellant to 40 years’
confinement and a fine of $10,000. When there is a variation between the oral
pronouncement of sentence and the written memorialization of the sentence, the oral
pronouncement controls. Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App.
1998). We have the power to correct and reform a trial court judgment to make the
record speak truth when we have the necessary data and information to do so. Tex.
R. App. P. 43.2(b). Accordingly, we reform the judgment to reflect the trial court’s
oral pronouncement of 40 years’ confinement and a $10,000 fine.
 
 
Conclusion
          We reform the written judgment in cause number 936141 to reflect the trial
court’s oral pronouncement of 40 years’ confinement and a $10,000 fine, and, as
reformed, we affirm the judgment of the trial court. 



                                                             George C. Hanks, Jr.
                                                             Justice


Panel consists of Chief Justice Radack and Justices Jennings and Hanks.

Do not publish. Tex. R. App. P. 47.4.