Opinion Issued October 20, 2005








     






In The
Court of Appeals
For The
First District of Texas




NOS. 01-04-00473-CR
          01-04-00474-CR




PHUONG HOAI CAO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause Nos. 942823, 961668




OPINION ON REHEARING
          A jury found appellant, Phuong Hoai Cao, guilty of two felony offenses of
burglary of a habitation and acquitted him of the felony offense of possession of a
firearm by a felon.


 After finding true an enhancement paragraph alleging a previous
felony burglary, the trial court assessed punishment at forty years’ confinement for
each burglary offense, with the sentences to run concurrently. In this appeal, Cao
contends the evidence is legally insufficient to support his convictions for burglary
of a habitation because the State failed to produce corroborating accomplice
testimony as required by Article 38.14 of the Code of Criminal Procedure. We affirm
the conviction in cause number 942823 and reverse the conviction and render a
judgment of acquittal in cause number 961668. We withdraw our earlier opinion in
this case and issue this opinion in its stead. Our disposition remains unchanged.
The Facts
          In January 2003, Deputy Craig Clopton of the Harris County Sheriff’s
Department responded to a report of a burglary at the home of Victor Le, located at
13906 Greenside, Harris County, Texas. Deputy Clopton testified that the windows
on each side of the door had been broken in order to force entry into the residence. 
The intruders ransacked the entire house, including the closets and the mattresses. 
Victor Le provided the sheriff’s department with a list of missing items, including a
Mossberg shotgun with unique characteristics. The shotgun had been stored in the
master bathroom closet. During trial, Victor Le identified a Mossberg shotgun later
recovered from Cao’s apartment as the one stolen from him in January 2003. 
          Randy Van Le (no relation to Victor Le) owns a home at 8816 Riverwell Circle
West, in Harris County, Texas. His son, Vicmor, was home alone at the time of a
burglary, and testified to the events he witnessed. On the afternoon of March 11,
2003, Vicmor heard a man knocking on the door and repeatedly ringing the doorbell. 
Vicmor peered through an upstairs window, but did not recognize the man outside his
door. He also noticed an unknown red Honda C.R.V. in the driveway. After Vicmor
failed to open the door, the man returned to his car and looked around. The man then
moved his car to the street, near the residence’s mailbox, and walked toward the
home’s backyard. Vicmor walked downstairs and heard a window break in his
mother’s bedroom, whereupon he ran back upstairs and telephoned his parents and
the police. Vicmor’s mother told him to telephone a nearby aunt, Linda Gates, and
ask that she come to the house. Vicmor further testified that he could identify the
man knocking at his door. He saw another man in the car, but he could not identify 
him. 
          Gates testified that she arrived at the home on Riverwell Circle and noticed a
maroon-colored Honda C.R.V. parked in front of the home. Gates wrote down the
Honda’s license plate number and followed the vehicle for a short distance, but then
she returned to the home to check on Vicmor. As Gates stood in the front yard,
telephoning her sister from a mobile phone, the Honda returned. The occupants of
the Honda saw Gates and sped away. Gates saw two people occupying the Honda,
but she was unable to identify them.
          Harris County Sheriff’s Department Deputy Puichi Ung responded to the
burglary call. Ung testified that the burglars had shattered the master bedroom
window, located at the back of the home’s first floor. Ung further testified that the
Les’ bedroom had been ransacked and that several pieces of jewelry were missing. 
          The sheriff’s department deputies traced the license plate number from the
maroon Honda vehicle to Giang Vu Do. Do admitted that he committed the
burglaries at the Greenside and Riverwell residences. Do also told the deputies that
Cao helped him to commit the two burglaries. Do admitted that he and Cao stole
guns from Victor Le’s residence, and he stated that deputies could find the guns in
Cao’s apartment. The deputies recovered the Mossberg shotgun stolen from the
Greenside residence at Cao’s apartment during his arrest. 
          Do pleaded guilty to burglary and received a reduced sentence for testifying
against Cao. Do testified that he and Cao burglarized the Greenside and Riverwell
residences together. Do stated that he and Cao drove his red Honda C.R.V. to the
Riverwell burglary. After the burglaries, Do took the stolen property to Cao’s
apartment and exchanged it for money. Do further testified that among the items he
left with Cao was the shotgun taken from the Greenside burglary. Discussion
          Cao contends the evidence is legally insufficient to sustain his conviction for
the Greenside and Riverwell burglaries because the State failed to sufficiently
corroborate Do’s accomplice testimony as required by Article 38.14 of the Code of
Criminal Procedure. The State responds that corroborating evidence exists that tends
to connect Cao to both the Greenside and Riverwell burglaries.
          Article 38.14 of the Code of Criminal Procedure provides that a conviction
cannot stand on accomplice testimony unless it is corroborated by other evidence that
tends to connect the accused with the offense. Tex. Code Crim. Proc. Ann. art.
38.14 (Vernon 2005); Colella v. State, 915 S.W.2d 834, 838 (Tex. Crim. App. 1995);
see also St. Julian v. State, 132 S.W.3d 512, 516 (Tex. App.—Houston [1st Dist.]
2004, pet. ref’d). Corroborating evidence is insufficient if it merely shows the
commission of an offense. Tex. Code Crim. Proc. Ann. art. 38.14; Cathey v. State,
992 S.W.2d 460, 462 (Tex. Crim. App. 1999) (citing Colella, 915 S.W.2d at 838–39);
see also St. Julian, 132 S.W.3d at 516. In assessing the sufficiency of corroborative
evidence, we eliminate the testimony of the accomplice witness from consideration
and examine the testimony of the other witnesses to ascertain whether the non-accomplice evidence tends to connect the accused with the commission of the
offense. St. Julian, 132 S.W.3d at 516 (citing Hernandez v. State, 939 S.W.2d 173,
176 (Tex. Crim. App. 1997)). The non-accomplice evidence need not by itself
establish the accused’s guilt beyond a reasonable doubt. Id. Rather, some evidence
must exist that tends to connect the accused to the commission of the offense. Id. 
          Although Cao complains that the evidence is legally insufficient to sustain his
conviction, the Court of Criminal Appeals has declined to impose legal and factual
sufficiency standards on a review of accomplice witness testimony under Article
38.14. See id., 132 S.W.3d at 516 (citing Cathey, 992 S.W.2d at 462–63). The
Legislature imposed the accomplice-witness rule sufficiency review, and thus it is not
derived from federal and state constitutional principles that otherwise define legal and
factual sufficiency review. Id.
Greenside Burglary
          Victor Le testified that he collects guns and that an intruder stole a Mossberg
shotgun with particular characteristics, including a wooden slide and plastic handle. 
Le stored the shotgun next to a safe in his home. The deputies’ search of Cao’s
apartment yielded a Mossberg in Cao’s apartment closet. Victor Le identified the
shotgun as the one stolen from his residence and provided a specific description of
the shotgun to the sheriff’s department before viewing the one recovered from Cao’s
apartment. Cao contends (1) he shared the apartment with his wife so the fact that the
Mossberg shotgun was found in the apartment is not evidence that he participated in
the burglary; and (2) the accomplice, Do, testified that it was he who placed the
shotgun in Cao’s closet, not Cao himself, and thus the officer’s recovery of the stolen
gun from Cao’s closet is insufficient corroboration of Do’s testimony. 
          We disagree. While the recovery of the stolen shotgun in Cao’s apartment
standing alone does not establish his guilt, it is evidence that tends to connect Cao to
the commission of the Greenside burglary. See, e.g., Herron v. State, 86 S.W.3d 621,
633 (Tex. Crim. App. 2002) (stating that appellant’s possession of stolen property is
a factor that connects appellant to offense); Edwards v. State, 106 S.W.3d 833, 843
(Tex. App.—Dallas 2003, pet. ref’d) (holding that recovery of trash containing stolen
property from outside appellant’s apartment is factor that tends to corroborate
accomplice testimony). Do testified that he and Cao opened Le’s safe at Cao’s
apartment with a hammer, and that he left with the shotgun, but later “gave it to
[Cao]” by returning it to Cao’s closet. The deputy’s recovery of the stolen shotgun
in Cao’s closet and Le’s independent identification of it corroborate Do’s testimony. 
Article 38.14 requires only some non-accomplice evidence tending to connect the
defendant with the crime, not non-accomplice evidence for every element of the
crime. Vasquez v. State, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001). Moreover,
evidence of joint, rather than exclusive, possession of stolen property may be
sufficient to satisfy the accomplice witness rule. Gill v. State, 873 S.W.2d 45, 49
(Tex. Crim. App. 1994). We therefore conclude that the non-accomplice evidence is
sufficient to connect Cao to the commission of the Greenside burglary in cause
number 942823, as required by Article 38.14. See Hernandez, 939 S.W.2d at 177–79. 
Riverwell Burglary
          Vicmor Le testified that he observed a red Honda C.R.V. in his family’s
driveway and later parked on the street in front of his residence. Gates likewise
testified that she saw a maroon Honda C.R.V. parked in front of the Les’ Riverwell
home. She wrote down the license plate number, which ultimately led law
enforcement authorities to Do. Although this evidence corroborates Do’s testimony,
it does not tend to connect Cao to the burglary because neither of the witnesses could
identify Cao as an occupant of the Honda or otherwise place him at the scene of the
burglary. See Hernandez, 939 S.W.2d at 178 (providing that evidence that appellant
was in company of accomplice at or near time or place of crime is proper
corroborating evidence to support conviction) (citing Jackson v. State, 745 S.W.2d
4, 13 (Tex. Crim. App. 1988)). 
          As its sole argument of a link between Cao and the Riverwell burglary, the
State contends that Cao offered an in-court utterance that tended to connect him to
the offense. During Do’s accomplice testimony, made via a translator who spoke
Vietnamese, the following exchange occurred: 
[State]: Who went inside the house?
[Do]: Phuong.
[State]: How did he get inside the house?
[The Defendant] [Cao]: Break the glass. 
          [Do]: He broke the glass in the back.
          Cao’s interjection during the State’s examination of Do does not connect Cao
to the Riverwell burglary. The record indicates that three previous witnesses already
had testified that the glass was broken. Ung testified that the glass to the window was
broken. Vicmor testified that he heard a window break when he was upstairs, and
that he later walked downstairs and saw the broken window. Gates also testified that
a window was broken. Considering all of the prior testimony regarding the broken
glass, and the fact that the statement was made during translated testimony, nothing
indicates that Cao’s statement was an admission, rather than a translation of the
witness’s answer or the translator’s question—a question that had been answered by
previous witnesses. Nothing about the statement demonstrates any independent
knowledge of the events of the burglary.
          On rehearing, relying upon Knox v. State, the State contends that we failed to
consider Cao’s statement “in a light most favorable to the jury’s verdict.” 934 S.W.2d
678, 686–87 (Tex. Crim. App. 1996) (non-accomplice evidence must be viewed in
a light most favorable to the verdict).


 Nothing in the record, however, indicates that
the statement was ever evidence before the jury. Cao was not testifying, as another
witness currently held the stand, nor did the State offer the statement into evidence
or otherwise contend that it supported its case. Cao moved for an acquittal at the
close of the evidence based upon a lack of corroborating evidence. During the
argument before the trial court on the motion, neither he nor the State referred to the
statement in our record at all, much less referred to it as “evidence.” Nor did either
party mention the statement in closing argument. We hold that Cao’s statement from
counsel table under these circumstances—standing alone, as it does, without any non-accomplice evidence—does not tend to connect him to the commission of the
Riverwell burglary as Article 38.14 requires.Conclusion
          We hold that the State sufficiently corroborated the testimony of the
accomplice witness and satisfied the requirements of the accomplice witness rule
pursuant to Code of Criminal Procedure Article 38.14 as to the Greenside burglary,
but not as to the Riverwell burglary. We therefore affirm the judgment of the trial
court in cause number 942823 and reverse and render judgment of an acquittal in
cause number 961668. See Malik v. State, 953 S.W.2d 234, 240 n.6 (Tex. Crim. App.
1997). We deny both Cao’s and the State’s motions for rehearing.
 

                                                             Jane Bland
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Bland.