Opinion filed May 24, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed May 24, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00330-CR 

                                                    __________

 

                                      DONNELL GLENN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 39th District Court

 

                                                         Haskell County, Texas

 

                                                     Trial
Court Cause No. 6060

 



 

                                                                   O
P I N I O N

The jury convicted Donnell Glenn of possession of
a controlled substance, cocaine, with an intent to deliver in an amount greater
than four grams but less than 200 grams. 
The trial court found the enhancement paragraphs to be true and assessed
punishment at seventy-five years confinement. 
We modify and affirm.








In two points of error, appellant argues that the
trial court erred in failing to grant his motion to suppress evidence seized in
violation of the Fourth Amendment of the United States Constitution and Article
I, section 9 of the Texas Constitution. 
In reviewing a trial court=s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court=s
findings of historical facts as long as the record supports the findings.  Guzman v. State, 955 S.W.2d 85 (Tex.
Crim. App. 1997).  Because the trial
court is the exclusive fact-finder, the appellate court reviews evidence
adduced at the suppression hearing in the light most favorable to the trial
court=s
ruling.   Carmouche v. State, 10
S.W.3d 323, 327 (Tex.
Crim. App. 2000).   We must afford the
same amount of deference to the trial court=s
rulings on Amixed
questions of law and fact,@
such as the issue of probable cause, if the resolution of those ultimate
questions turns on an evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 89.  Appellate courts, however, review de novo Amixed questions of law and fact@ not falling within the previous
category.  Id. 

Appellant specifically complains that the
affidavit presented to the magistrate to obtain the  search warrant contained false information.  The affidavit of Sheriff David Halliburton
states that appellant possessed cocaine in a residence located in Haskell, Texas.  The affidavit states that Sheriff Halliburton=s belief was based upon Areceived information from a
confidential informant whose identity must remain a secret for security
reasons.@  The affidavit further provides that the
confidential informant was credible, reliable, and trustworthy and that the
confidential informant had previously given 
information to Sheriff Halliburton that was proven true and
correct.   

Appellant contends that the informant was Aanonymous@
rather than Aconfidential@ and that Sheriff Halliburton
recklessly disregarded the truth in failing to disclose this fact to the
magistrate.  Sheriff Halliburton
testified at the hearing on appellant=s
motion to suppress that he had received information from a confidential
informant concerning the sale of cocaine at a residence in Haskell. Sheriff
Halliburton stated that he knew the informant prior to the informant giving
this information. The informant had provided information in the past, and
Sheriff Halliburton knew the informant to be reliable and trustworthy.  Sheriff Halliburton further testified that he
observed the residence and saw activity consistent with drug activity.  








During the hearing, appellant=s attorney questioned Sheriff
Halliburton about statements in his supplemental arrest report that indicated
Sheriff Halliburton did not know the informant. 
Sheriff Halliburton testified that he misstated information in the
arrest report, that he did know the informant, and that the informant wanted to
remain confidential and anonymous. 
Sheriff Halliburton stated that, although the informant did not give his
name, Sheriff Halliburton recognized the informant=s
voice.  Sheriff Halliburton stated that
he had talked to the informant on previous occasions, that he had met the
informant in person, and that the informant had a Adistinct@ voice. Sheriff Halliburton was
confident that he knew the identity of the informant.  

The trial court denied appellant=s motion to suppress, finding that
Sheriff Halliburton recognized the voice of the informant.  Appellant has not shown that the magistrate
was misled by information in the affidavit that Sheriff Halliburton either knew
was false or that he should have known was false if not for his reckless
disregard for the truth.  See  Franks v. Delaware,
438 U.S.
154 (1978).  The trial court did not err
in denying appellant=s
motion to suppress.  Appellant=s first and second points of error are
overruled.

We modify the judgment of the trial court to show
that appellant was convicted of the offense of possession with the intent to
deliver a controlled substance, namely cocaine, in an amount by aggregate
weight, including any adulterants and dilutants, of four grams or more but less
than 200 grams.[1]  As modified, the judgment of the trial court
is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 24, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Although not raised by the parties, when we reviewed
the record in this case, we noted that the indictment in this case charges that
appellant did Apossess, with the intent to deliver, a controlled
substance, namely cocaine, in an amount by aggregate weight, including any
adulterants and dilutants, of (4-200 grams).@  The judgment shows that appellant was
convicted of the offense of AManufacture/Delivery of a Controlled Substance, namely
Cocaine (4-200 grams), [Tex. Health
& Safety Code Ann.] ' 481.112 [(Vernon
2003)], First Degree Felony (habitual felony).@  The judgment contains language that the jury
verdict was:  AWe, the jury, find beyond a reasonable doubt,
[appellant] guilty of the offense of Manufacture/Delivery of a Controlled
Substance, namely Cocaine (4-200 grams) as charged in the indictment.@  The actual jury
verdict was as follows: AWe, the jury, find [appellant] guilty of the offense of
possession of a controlled substance, namely cocaine with intent to deliver
(4-200 grams), as charged in the indictment.@  We have the authority to correct and reform a
judgment of a trial court to make the judgment consistent with the record.  St. Julian v. State, 132 S.W.3d 512,
517 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d); Nolan v. State, 39 S.W.3d 697, 698 (Tex.
App.CHouston [1st Dist.] 2001, no pet.).