Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

## MEMORANDUM OPINION

No. 04-08-00787-CR

Perry Louis **ANDERSON**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CR-0530
Honorable Philip A. Kazen, Jr., Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   September 2, 2009

AFFIRMED AS MODIFIED

Perry Louis Anderson, Jr. appeals from a judgment entering an adjudication of guilt and sentencing him to 35 years' imprisonment for the offense of aggravated assault–serious bodily injury. Anderson asserts on appeal that the trial court adjudicated him guilty of the wrong offense because he pled no contest to, and received deferred adjudication for, the offense of aggravated assault with a deadly weapon. We reform the trial court's judgment to reflect the correct offense of conviction.

**BACKGROUND**

On January 28, 2004, Anderson was charged in a two-count indictment with aggravated assault–serious bodily injury (Count I) and aggravated assault with a deadly weapon (Count II) as a repeat offender. Pursuant to a plea bargain in which the State agreed to proceed only on Count II, Anderson pled no contest to aggravated assault with a deadly weapon and was placed on deferred adjudication community supervision for a term of five years. On July 21, 2008, the State filed a Motion to Enter Adjudication of Guilt and Revoke Community Supervision alleging that Anderson violated four conditions of his community supervision. At a hearing held October 9, 2008, Anderson pled "true" to three of the four alleged violations; the State waived the fourth alleged violation. The trial court granted the State's motion, entered an adjudication of guilt, and sentenced Anderson to imprisonment for thirty-five years. The written judgment signed October 10, 2008 recites that Anderson was convicted of aggravated assault–serious bodily injury.

**ANALYSIS**

On appeal, Anderson asserts that the trial court erroneously adjudicated him guilty of Count I (aggravated assault–serious bodily injury) of the indictment, which the State waived, instead of Count II (aggravated assault with a deadly weapon), the offense to which he pled and for which he was placed on deferred adjudication. Anderson contends the court made a judicial error, not merely a clerical error, because it convicted him of the wrong offense; therefore, the judgment is void and it must be vacated and Anderson must be restored to the position he was in when he was placed on deferred adjudication. The State responds that the record of the hearing shows the trial court adjudicated Anderson guilty of the correct offense, Count II, and that the judgment simply contains a clerical error which should be reformed. The State concedes that its Motion to Enter Adjudication

of Guilt and Revoke Community Supervision mistakenly stated that Anderson had been placed on deferred adjudication community supervision for aggravated assault–serious bodily injury, and the motion was the source of the error in the judgment.

Given that there is no dispute that the judgment wrongly recites the offense of conviction, we need only determine the appropriate remedy on appeal. We turn first to the record of the October 9, 2008 hearing to determine which offense the trial court adjudicated Anderson guilty of committing. After accepting Anderson's plea of "true" to three violations of his community supervision, and hearing brief testimony by Anderson and argument by his counsel, the trial court stated as follows:

> All right. Mr. Anderson, having found that you violated conditions one, five and eleven, **I hereby find you guilty of the offense**. I'm going to grant the State's motion to enter adjudication of guilt, first of all. And I hereby find you **guilty of the offense**. And here also hereby revoke your community supervision.

After inquiring whether the State or defense had anything further to offer on punishment, and whether there was any legal reason why the defendant should not be sentenced that day, the trial court then stated:

> There being no legal reason, I will note that this is actually a first degree, I think it was charged as a second degree. **You pled**, if I'm not mistaken **to count two** of the indictment. Also, pled true to the enhancement allegation which raises this from a second degree to a first degree felony. I found – I have already found that enhancement allegation to be true.

The court then proceeded to impose sentence and inform Anderson of his right to appeal.

Viewed in context, the trial court's action in adjudicating Anderson guilty of "the offense" was clearly an adjudication of guilt in open court for Count II of the indictment, the aggravated assault with a deadly weapon offense to which Anderson had pled no contest. While the trial court did not specifically name the offense of conviction, its subsequent reference to the fact that Anderson

pled to Count II of the indictment clarifies "the offense" of which the court adjudicated him guilty. Moreover, the original plea papers and terms and conditions of deferred adjudication community service all confirm that Anderson indeed pled to Count II and was placed on deferred adjudication for Count II. The record of the revocation hearing reflects that the trial court adjudicated Anderson guilty of Count II, aggravated assault with a deadly weapon, in open court. Therefore, the court did not convict Anderson of the wrong offense, and thus did not commit a judicial error which would render its judgment void. The recitation of the wrong offense of conviction in the written judgment is a mere clerical error which we are authorized to reform to make it consistent with the record. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (holding that an appellate court has authority to reform a judgment "to the make the record speak the truth"); *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986); *St. Julian v. State*, 132 S.W.3d 512, 517 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd).

Accordingly, we modify the trial court's judgment to state that Anderson was convicted of "aggravated assault with a deadly weapon," and affirm the judgment as modified.

Phylis J. Speedlin, Justice

DO NOT PUBLISH