

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00515-CR

Ronnie Lynn **JAMES** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-0560-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:  Marialyn Barnard, Justice

Sitting:  Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  October 2, 2013

MOTION TO WITHDRAW GRANTED; AFFIRMED AS MODIFIED

Appellant Ronnie Lynn James Jr. was indicted for the offenses of capital murder and conspiracy to commit capital murder. A jury convicted James of both offenses, but the trial court determined James could be convicted on only one of the offenses and accepted the jury's finding of guilt on capital murder. The trial court then sentenced James to life without parole.[1]

---

[1] The judgment reflects the jury assessed punishment. However, the parties agree, and the record establishes, the trial court assessed punishment. We will address modification of the judgment below.

James's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). James was provided a copy of the brief and motion to withdraw and was informed of his right to review the record and file his own brief. James filed a pro se extension of time to file the brief, and the information in that motion establishes James was informed of his right to file a brief. Ultimately, however, James failed to file a brief.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, as noted above, the judgment incorrectly reflects that punishment was assessed by the jury. The record establishes the trial court assessed punishment. This court may "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b); *see St. Julian v. State*, 132 S.W.3d 512, 517 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding appellate court may correct and reform trial court judgment to make judgment congruent with record). We therefore reform the judgment of the trial court to reflect that punishment was assessed by the trial court. We grant the motion to withdraw filed by James's counsel and affirm the trial court's judgment as modified. *See id.*; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should James wish to seek further review of this case in the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days after either the day our judgment is rendered

or the day the last timely motion for rehearing or timely motion for en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Marialyn Barnard, Justice

Do Not Publish