**Phuong Hoai CAO, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–04–00473–CR, 01–04–00474–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 20, 2005.

Richard Edward Banks, Charles A. Rosenthal, Jr., District Attorney–Harris County and Tot Kim Le, Houston, TX, for Appellant.

Amanda J. Peters, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and BLAND.

## OPINION ON REHEARING

JANE BLAND, Justice.

A jury found appellant, Phuong Hoai Cao, guilty of two felony offenses of burglary of a habitation and acquitted him of the felony offense of possession of a firearm by a felon.[1] After finding true an enhancement paragraph alleging a previous felony burglary, the trial court assessed punishment at forty years' confinement for each burglary offense, with the sentences to run concurrently. In this appeal, Cao contends the evidence is legally insufficient to support his convictions for burglary of a habitation because the State failed to produce corroborating accomplice testimony as required by Article 38.14 of

---

1. The first indictment, cause number 942823 at trial and number 01–04–00473–CR on appeal, alleges that Cao committed burglary of Victor Le's habitation. *See* Tex. Pen.Code Ann. § 30.02(a)(1) (Vernon 2003). The second indictment, cause number 961668 at trial and number 01–04–00474–CR on appeal, alleges that Cao committed burglary of Randy Van Le's habitation. *Id.*

the Code of Criminal Procedure. We affirm the conviction in cause number 942823 and reverse the conviction and render a judgment of acquittal in cause number 961668. We withdraw our earlier opinion in this case and issue this opinion in its stead. Our disposition remains unchanged.

### The Facts

In January 2003, Deputy Craig Clopton of the Harris County Sheriff's Department responded to a report of a burglary at the home of Victor Le, located at 13906 Greenside, Harris County, Texas. Deputy Clopton testified that the windows on each side of the door had been broken in order to force entry into the residence. The intruders ransacked the entire house, including the closets and the mattresses. Victor Le provided the sheriff's department with a list of missing items, including a Mossberg shotgun with unique characteristics. The shotgun had been stored in the master bathroom closet. During trial, Victor Le identified a Mossberg shotgun later recovered from Cao's apartment as the one stolen from him in January 2003.

Randy Van Le (no relation to Victor Le) owns a home at 8816 Riverwell Circle West, in Harris County, Texas. His son, Vicmor, was home alone at the time of a burglary, and testified to the events he witnessed. On the afternoon of March 11, 2003, Vicmor heard a man knocking on the door and repeatedly ringing the doorbell. Vicmor peered through an upstairs window, but did not recognize the man outside his door. He also noticed an unknown red Honda C.R.V. in the driveway. After Vicmor failed to open the door, the man returned to his car and looked around. The man then moved his car to the street, near the residence's mailbox, and walked toward the home's backyard. Vicmor walked downstairs and heard a window break in his mother's bedroom, whereupon

he ran back upstairs and telephoned his parents and the police. Vicmor's mother told him to telephone a nearby aunt, Linda Gates, and ask that she come to the house. Vicmor further testified that he could identify the man knocking at his door. He saw another man in the car, but he could not identify him.

Gates testified that she arrived at the home on Riverwell Circle and noticed a maroon-colored Honda C.R.V. parked in front of the home. Gates wrote down the Honda's license plate number and followed the vehicle for a short distance, but then she returned to the home to check on Vicmor. As Gates stood in the front yard, telephoning her sister from a mobile phone, the Honda returned. The occupants of the Honda saw Gates and sped away. Gates saw two people occupying the Honda, but she was unable to identify them.

Harris County Sheriff's Department Deputy Puichi Ung responded to the burglary call. Ung testified that the burglars had shattered the master bedroom window, located at the back of the home's first floor. Ung further testified that the Les' bedroom had been ransacked and that several pieces of jewelry were missing.

The sheriff's department deputies traced the license plate number from the maroon Honda vehicle to Giang Vu Do. Do admitted that he committed the burglaries at the Greenside and Riverwell residences. Do also told the deputies that Cao helped him to commit the two burglaries. Do admitted that he and Cao stole guns from Victor Le's residence, and he stated that deputies could find the guns in Cao's apartment. The deputies recovered the Mossberg shotgun stolen from the Greenside residence at Cao's apartment during his arrest.

Do pleaded guilty to burglary and received a reduced sentence for testifying

against Cao. Do testified that he and Cao burglarized the Greenside and Riverwell residences together. Do stated that he and Cao drove his red Honda C.R.V. to the Riverwell burglary. After the burglaries, Do took the stolen property to Cao's apartment and exchanged it for money. Do further testified that among the items he left with Cao was the shotgun taken from the Greenside burglary.

## Discussion

Cao contends the evidence is legally insufficient to sustain his conviction for the Greenside and Riverwell burglaries because the State failed to sufficiently corroborate Do's accomplice testimony as required by Article 38.14 of the Code of Criminal Procedure. The State responds that corroborating evidence exists that tends to connect Cao to both the Greenside and Riverwell burglaries.

Article 38.14 of the Code of Criminal Procedure provides that a conviction cannot stand on accomplice testimony unless it is corroborated by other evidence that tends to connect the accused with the offense. Tex.Code Crim. Proc. Ann. art. 38.14 (Vernon 2005); *Colella v. State*, 915 S.W.2d 834, 838 (Tex.Crim.App.1995); *see also St. Julian v. State*, 132 S.W.3d 512, 516 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd). Corroborating evidence is insufficient if it merely shows the commission of an offense. Tex.Code Crim. Proc. Ann. art. 38.14; *Cathey v. State*, 992 S.W.2d 460, 462 (Tex.Crim.App.1999) (*citing* Colella, 915 S.W.2d at 838–39); *see also St. Julian*, 132 S.W.3d at 516. In assessing the sufficiency of corroborative evidence, we eliminate the testimony of the accomplice witness from consideration and examine the testimony of the other witnesses to ascertain whether the non-accomplice evidence tends to connect the accused with the commission of the of-

fense. *St. Julian*, 132 S.W.3d at 516 (*citing Hernandez v. State*, 939 S.W.2d 173, 176 (Tex.Crim.App.1997)). The non-accomplice evidence need not by itself establish the accused's guilt beyond a reasonable doubt. *Id.* Rather, some evidence must exist that tends to connect the accused to the commission of the offense. *Id.*

Although Cao complains that the evidence is legally insufficient to sustain his conviction, the Court of Criminal Appeals has declined to impose legal and factual sufficiency standards on a review of accomplice witness testimony under Article 38.14. *See id.*, 132 S.W.3d at 516 (*citing Cathey*, 992 S.W.2d at 462–63). The Legislature imposed the accomplice-witness rule sufficiency review, and thus it is not derived from federal and state constitutional principles that otherwise define legal and factual sufficiency review. *Id.*

### Greenside Burglary

Victor Le testified that he collects guns and that an intruder stole a Mossberg shotgun with particular characteristics, including a wooden slide and plastic handle. Le stored the shotgun next to a safe in his home. The deputies' search of Cao's apartment yielded a Mossberg in Cao's apartment closet. Victor Le identified the shotgun as the one stolen from his residence and provided a specific description of the shotgun to the sheriff's department before viewing the one recovered from Cao's apartment. Cao contends (1) he shared the apartment with his wife so the fact that the Mossberg shotgun was found in the apartment is not evidence that he participated in the burglary; and (2) the accomplice, Do, testified that it was he who placed the shotgun in Cao's closet, not Cao himself, and thus the officer's recovery of the stolen gun from Cao's closet is insufficient corroboration of Do's testimony.

■ We disagree. While the recovery of the stolen shotgun in Cao's apartment standing alone does not establish his guilt, it is evidence that tends to connect Cao to the commission of the Greenside burglary. *See, e.g., Herron v. State*, 86 S.W.3d 621, 633 (Tex.Crim.App.2002) (stating that appellant's possession of stolen property is a factor that connects appellant to offense); *Edwards v. State*, 106 S.W.3d 833, 843 (Tex.App.-Dallas 2003, pet. ref'd) (holding that recovery of trash containing stolen property from outside appellant's apartment is factor that tends to corroborate accomplice testimony). Do testified that he and Cao opened Le's safe at Cao's apartment with a hammer, and that he left with the shotgun, but later "gave it to [Cao]" by returning it to Cao's closet. The deputy's recovery of the stolen shotgun in Cao's closet and Le's independent identification of it corroborate Do's testimony. Article 38.14 requires only some non-accomplice evidence tending to connect the defendant with the crime, not non-accomplice evidence for every element of the crime. *Vasquez v. State*, 56 S.W.3d 46, 48 (Tex.Crim.App.2001). Moreover, evidence of joint, rather than exclusive, possession of stolen property may be sufficient to satisfy the accomplice witness rule. *Gill v. State*, 873 S.W.2d 45, 49 (Tex.Crim.App. 1994). We therefore conclude that the non-accomplice evidence is sufficient to connect Cao to the commission of the Greenside burglary in cause number 942823, as required by Article 38.14. *See Hernandez*, 939 S.W.2d at 177–79.

*Riverwell Burglary*

■ Vicmor Le testified that he observed a red Honda C.R.V. in his family's driveway and later parked on the street in front of his residence. Gates likewise testified that she saw a maroon Honda C.R.V. parked in front of the Les' Riverwell home. She wrote down the license plate number, which ultimately led law enforcement authorities to Do. Although this evidence corroborates Do's testimony, it does not tend to connect Cao to the burglary because neither of the witnesses could identify Cao as an occupant of the Honda or otherwise place him at the scene of the burglary. *See Hernandez*, 939 S.W.2d at 178 (providing that evidence that appellant was in company of accomplice at or near time or place of crime is proper corroborating evidence to support conviction) (*citing Jackson v. State*, 745 S.W.2d 4, 13 (Tex.Crim.App.1988)).

■ As its sole argument of a link between Cao and the Riverwell burglary, the State contends that Cao offered an in-court utterance that tended to connect him to the offense. During Do's accomplice testimony, made via a translator who spoke Vietnamese, the following exchange occurred:

[State]: Who went inside the house?

[Do]: Phuong.

[State]: How did he get inside the house?

[The Defendant] [Cao]: Break the glass.

[Do]: He broke the glass in the back.

Cao's interjection during the State's examination of Do does not connect Cao to the Riverwell burglary. The record indicates that three previous witnesses already had testified that the glass was broken. Ung testified that the glass to the window was broken. Vicmor testified that he heard a window break when he was upstairs, and that he later walked downstairs and saw the broken window. Gates also testified that a window was broken. Considering all of the prior testimony regarding the broken glass, and the fact that the statement was made during translated testimony, nothing indicates that Cao's statement was an admission, rather than a translation of the witness's answer or the

translator's question—a question that had been answered by previous witnesses. Nothing about the statement demonstrates any independent knowledge of the events of the burglary.

On rehearing, relying upon *Knox v. State*, the State contends that we failed to consider Cao's statement "in a light most favorable to the jury's verdict." 934 S.W.2d 678, 686–87 (Tex.Crim.App.1996) (non-accomplice evidence must be viewed in a light most favorable to the verdict).[2] Nothing in the record, however, indicates that the statement was ever evidence before the jury. Cao was not testifying, as another witness currently held the stand, nor did the State offer the statement into evidence or otherwise contend that it supported its case. Cao moved for an acquittal at the close of the evidence based upon a lack of corroborating evidence. During the argument before the trial court on the motion, neither he nor the State referred to the statement in our record at all, much less referred to it as "evidence." Nor did either party mention the statement in closing argument. We hold that Cao's statement from counsel table under these circumstances—standing alone, as it does, without any non-accomplice evidence—does not tend to connect him to the commission of the Riverwell burglary as Article 38.14 requires.

## Conclusion

We hold that the State sufficiently corroborated the testimony of the accomplice witness and satisfied the requirements of the accomplice witness rule pursuant to Code of Criminal Procedure Article 38.14 as to the Greenside burglary, but not as to the Riverwell burglary. We therefore affirm the judgment of the trial court in cause number 942823 and reverse and render judgment of an acquittal in cause number 961668. *See Malik v. State*, 953 S.W.2d 234, 240 n. 6 (Tex.Crim.App.1997). We deny both Cao's and the State's motions for rehearing.

---

**2.** We note that the Texas Court of Criminal Appeals articulated a more precise standard of review for corroborative evidence of accomplice witness testimony in its later opinion in *Cathey v. State*, 992 S.W.2d 460, 462 (Tex.Crim.App.1999) (declining invitation to impose legal and factual sufficiency standards upon a review of accomplice witness testimony under Article 38.14 because the review is statutorily imposed and limited to an exami-

nation of whether there is other evidence tending to connect the defendant to the offense). Moreover, in footnote 2, the Court of Criminal Appeals expressly stated that none of the cases where the court "reviews an accomplice/witness insufficiency claim 'in the light most favorable to the verdict'... actually holds that such is required; they simply *discuss the evidence* in the light most favorable to the verdict." *Id.* at 463 n. 2.