Affirmed and Memorandum Opinion filed December 19, 2006








Affirmed and Memorandum Opinion filed December 19, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00899-CR

____________

 

BRIAN WESTLEY COUNTRYMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 12th
District Court 

Walker County, Texas

Trial Court Cause No. 22,454

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Brian Westley Countryman, was found guilty by a
jury of burglary of a building.  See Tex.
Penal Code Ann. ' 30.02 (Vernon 2003).  The jury assessed
punishment at two years= confinement in a state jail facility. 
Appellant raises three points of error on appeal.  In his first and second
points of error, he claims the evidence is legally and factually insufficient
to sustain a conviction.  In his third point of error, appellant claims the
evidence is insufficient to corroborate accomplice testimony offered against him
at trial. We affirm. 








 

Factual and Procedural Background

At approximately 3:45 a.m. on December 17, 2003, Retha
Barker arrived at work at Lucky Food Store on Highway 190 in Walker County,
Texas.  As manager of Lucky Food Store, Barker was responsible for unlocking
the building and opening the store for business each morning.  Upon entering
the store, Barker discovered display racks and merchandise had been disturbed,
merchandise was missing, and the telephone was not working.  

Sergeant Casey Chitwood of the Walker County Sheriff=s Department
conducted an investigation and concluded two individuals entered the store at
approximately 3:00 a.m. on December 17, after removing part of an exterior wall. 
Full containers of beer, packages of cigarettes, and rolls of coins were found
on the ground outside of the building, near the point of entry.  The telephone
wires had been pulled out of the alarm system control box.  Chitwood found
fresh tire tracks in the grass behind the store.  The location of the tire
tracks indicated that someone had backed a vehicle up to the rear of the
store.  The tire tracks led away from the store and passed a nearby wooden
fence.  Chitwood observed a scrape on the fence.  On the ground, in close
proximity to the tire tracks and the scrape on the fence, he found a piece of
plastic which was identified as a rear-view mirror cover from the driver=s side of a light
blue 1992 to 1994 model Ford Crown Victoria.  Chitwood advised the patrol
division to be on the lookout for a vehicle matching that description with a
missing mirror cover.








On December 18, 2003, Officer Daniel Barrett conducted a
traffic stop after observing appellant run a stop sign.  Appellant was driving
a light blue Ford Crown Victoria with a missing cover on the driver=s side rear-view
mirror.  Raymond Yeager was a passenger in appellant=s vehicle. 
Barrett looked inside the vehicle and saw several packs of Marlboro cigarettes
and one half of a roll of quarters.  Appellant told Barrett that he was the
owner of the vehicle and the only person who drove the vehicle or had keys to
it.  Appellant=s vehicle was impounded and searched. 

On December 18, 2003, Raymond Yeager and Richard White
confessed to the burglary of Lucky Food Store, and informed police that
appellant was also involved in the burglary.  Both Yeager and White were
subsequently indicted and pleaded guilty to the charge of burglary of a
building.  On August 12, 2004, a Walker County grand jury indicted appellant
for burglary of a building.  Appellant pleaded not guilty.

At appellant=s trial, Barker
testified Lucky Food Store was not open to the public at the time of the
burglary.  Barker testified she was the manager of the store and had authority
to unlock and enter the building, disarm the security system, and open the
store for business.  Barker testified the merchandise missing from the store
after the burglary included approximately fifty cartons of Marlboro cigarettes,
cigarette lighters, approximately thirty packs of beer, several packages of over-the-counter
Aenergy pills,@ small
denomination bills ($1, $5, and $10), and rolls of quarters.  Barker also
testified she recognized appellant as a frequent customer of Lucky Food Store.

Sergeant Chitwood testified he found tire tracks and a
plastic mirror cover behind Lucky Food Store.  The mirror cover was from the
driver=s side of a light
blue 1992 to 1994 model Ford Crown Victoria, and was found in close proximity
to fresh tire tracks and a scrape on a wooden fence.  Chitwood testified he
obtained and viewed the videotape from the surveillance system at the Lucky
Food Store, recorded on the night of the burglary.  The video showed two people
burglarizing the store.  However, due to the poor quality of the recording, the
subjects could not be identified from the video.  








Officer Barrett testified he stopped appellant=s vehicle on the
day after the burglary, and Yeager was a passenger in the vehicle.  Barrett
described appellant=s vehicle as a light blue Ford Crown
Victoria with a missing cover on the driver=s side rear-view
mirror.  Barrett testified he observed packages of Marlboro cigarettes and one
half of a roll of quarters inside appellant=s vehicle. 
Finally, Barrett testified appellant told him that appellant owned the vehicle
and was the only person who drove it. 

Deputy Charles Perkins testified he searched appellant=s vehicle after it
was impounded and found a bottle of Astacker pills,@ a silver and gray
cigarette lighter, and four packages of Marlboro cigarettes, all of which
matched the descriptions of items stolen from Lucky Food Store. 

Yeager testified that he, White, and appellant burglarized
Lucky Food Store on December 17, 2003.  Yeager testified they drove appellant=s light blue Ford
Crown Victoria to the store and disconnected the telephone wires from the back
of the building.  They gained entry by removing a piece of siding from the
exterior of the building and creating a hole in an interior wall.  Yeager
testified he and appellant entered the store and took beer, cigarettes, cigars,
cigarette lighters, energy pills, and the cash in the cash register.  Yeager
identified himself and appellant as the individuals depicted in the
surveillance video.  Finally, Yeager testified appellant=s vehicle
sideswiped the wooden fence behind the store as they drove away.  

Richard White testified that he, Yeager, and appellant
robbed Lucky Food Store.  White acted as lookout while Yeager and appellant
went inside the building.  White testified he was very intoxicated at the time
of the burglary, and the majority of the stolen items consisted of cigarettes
and beer.  White testified they left the scene in appellant=s blue Ford Crown
Victoria. 

The jury found appellant guilty and assessed punishment at
two years= confinement in a state jail facility.  This appeal
followed.  

 

 








Discussion

I.
Corroboration of Accomplice Witness Testimony

We begin our discussion by addressing appellant=s third issue,
whether the accomplice witness testimony of Yeager and White is sufficiently
corroborated to serve as a basis for appellant=s conviction.[1] 
An accomplice witness is a person who participated before, during, or after the
commission of an offense and could be prosecuted for the same offense with
which the defendant was charged.  See Blake v. State, 971 S.W.2d 451,
454B55 (Tex. Crim.
App. 1998).  Because Yeager and White were convicted of the same offense as
that with which appellant was charged, their status as accomplices is
established as a matter of law.  See DeBlanc v. State, 799 S.W.2d 701,
708 (Tex. Crim. App. 1990). 








Article 38.14 of the Texas Code of Criminal Procedure
prohibits convicting a defendant based solely on the testimony of an accomplice
witness unless the testimony is Acorroborated by
other evidence tending to connect the defendant with the offense committed.@  Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005); See Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim.
App. 1991).  If the corroborating evidence merely shows that the offense was
committed, it is insufficient.  Tex.
Code Crim. Proc. Ann. art. 38.14.  Determining whether the accomplice
testimony is sufficiently corroborated requires us to eliminate the accomplice
testimony from consideration and then examine the record to ascertain whether
any inculpatory evidence exists that tends to connect the accused to the
commission of the crime.  Solomon v. State, 49 S.W.3d 356, 361 (Tex.
Crim. App. 2001).  Therefore, we apply the Atending to connect@ standard of
review, rather than the traditional standards for legal and factual
sufficiency, when reviewing evidence for compliance with  Article 38.14.  Id.;
Cathey v. State, 992 S.W.2d 460, 462B63 (Tex. Crim.
App. 1999).  The corroborating evidence need not directly connect the defendant
to the crime nor be sufficient on its own to establish guilt; it must only tend
to connect the defendant to the offense.  Vasquez v. State, 67 S.W.3d
229, 236 (Tex. Crim. App. 2002).           

Mere presence of the defendant at the scene of the offense
is insufficient to corroborate accomplice witness testimony.  Cox v. State,
830 S.W.2d 609, 611 (Tex. Crim. App. 1992).  However, evidence of the defendant=s presence at the
scene, combined with other suspicious circumstances, may be enough to connect
the defendant to the offense.  Dowthitt v. State, 931 S.W.2d 244, 249
(Tex. Crim. App. 1996).  For example, evidence that the defendant was in the
presence of the accomplice at or near the time or place of the crime is proper
corroborating evidence.  Hernandez v. State, 939 S.W.2d 173, 178 (Tex.
Crim. App. 1997); McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim. App.
1997).  Evidence that a defendant is in possession of stolen property also
tends to connect the defendant to the commission of a burglary.  Cao v.
State, 183 S.W.3d 707, 711 (Tex. App.CHouston [1st
Dist.] 2005, pet. ref=d).  If the combined weight of the
non-accomplice evidence tends to connect the defendant to the offense, the
requirement of article 38.14 has been fulfilled.  Cathey, 992 S.W.2d at
462.

Appellant argues that aside from the testimony of Yeager
and White, Athere is absolutely no evidence that tends to connect
appellant to the crime alleged to have occurred.@  We disagree. 
Eliminating the accomplice witness testimony from consideration, we find
evidence placing appellant at the scene of the crime at or near the time of the
offense, and additional evidence indicating suspicious circumstances.  








 The testimony of Officer Barrett and Sergeant Chitwood,
combined with evidence of the plastic rear-view mirror cover found at the
scene, places appellant at the Lucky Food Store at or near the time of the
burglary.  Chitwood testified he found a plastic mirror cover from the driver=s side of a light
blue 1992 to 1994 model Ford Crown Victoria on the ground behind Lucky Food
Store, near fresh tire tracks and a scrape on the wooden fence.   The next day,
appellant was stopped while driving a light blue Ford Crown Victoria with a
missing mirror cover  on the driver=s side.  Appellant
stated he was the owner and only driver of the vehicle.  Photographs of the
mirror cover and appellant=s vehicle were admitted into evidence.  

Other suspicious circumstances tend to connect appellant to
the burglary.  Yeager, one of the accomplices, was with appellant in appellant=s vehicle on the
day after the burglary.  In addition to being in the company of one of the
accomplices, appellant was in possession of property stolen from Lucky Food
Store.  Appellant=s vehicle contained a roll of quarters,
stacker pills, packages of Marlboro cigarettes, and a silver and gray cigarette
lighter, all of which matched the descriptions of items stolen from Lucky Food
Store. 

The record contains evidence appellant was present at the
scene of the offense, in possession of stolen property, and in the company of
an accomplice.  We find the combined weight of the non-accomplice testimony
tends to connect appellant to the crime.  See Tex. Code Crim. Proc. Ann. art. 38.14; Cathey, 992
S.W.2d at 462.    Therefore, the accomplice testimony of Raymond Yeager and
Richard White is sufficiently corroborated, and appellant=s third point of
error is overruled.                     

II.
Legal and Factual Sufficiency

A. Standards of Review








In a
legal sufficiency review, we view all the evidence in the light most favorable
to the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury,
as the sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in a second
evaluation of the weight and credibility of the evidence, but only ensure the
jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).

A
factual sufficiency review begins with the presumption that the evidence
supporting the judgment is legally sufficient. Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996).  In a factual sufficiency review, we
consider all the evidence in a neutral light. Cain v. State, 958 S.W.2d
404, 408 (Tex. Crim. App. 1997).  The evidence may be factually insufficient in
two ways.  Prible v. State, 175 S.W.3d 724, 730B31 (Tex. Crim. App. 2005).  First,
when considered by itself, evidence supporting the verdict may be so weak the
verdict is clearly wrong and manifestly unjust.  Id.  Second, where the
evidence both supports and contradicts the verdict, the contrary evidence may
be strong enough that the beyond-a-reasonable-doubt standard could not have
been met.  Id.  In conducting a factual sufficiency review, we must
employ appropriate deference so that we do not substitute our judgment for that
of the fact finder.  Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim.
App. 1996).  Our analysis must consider the evidence appellant claims is most
important in allegedly undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 

B. Analysis

A person commits burglary of a building if, without the
effective consent of the owner, the person enters a building (or any portion of
a building) not then open to the public,  with intent to commit a felony or
theft.  Tex. Penal Code Ann. ' 30.02 (Vernon
2003).  In his first and second points of error, appellant argues the evidence
is legally and factually insufficient to show that appellant entered Lucky Food
Store with intent to commit theft, and that appellant did not have the
effective consent of the owner to enter Lucky Food Store.  








Both Yeager and White testified they were with appellant
when he committed the burglary.  Yeager testified that he and appellant entered
Lucky Food Store by Aknocking a hole through the inside wall
and crawling in through that.@[2]  Yeager testified
that after he and appellant entered the store, appellant took the money from
the cash register, then he and appellant stole various items including beer,
cigarettes, cigars, lighters, and energy pills.  White testified appellant and
Yeager entered the store and stole beer and tobacco products.   The State
presented evidence placing appellant and appellant=s vehicle at the
scene of the crime.  The plastic rear-view mirror cover and fresh tire tracks
found behind Lucky Food Store, combined with evidence that appellant was
stopped the next day while driving a light blue Ford Crown Victoria with a
missing driver=s side rear-view mirror cover, place appellant at the
scene of the crime at or near the time of the offense.  Officer Barrett
testified  appellant was in the company of Yeager, one of the accomplices, on
the day after the burglary.  The jury also heard testimony that appellant was
in possession of property matching descriptions of items stolen from Lucky Food
Store, including a roll of quarters, stacker pills, packages of Marlboro
cigarettes, and a silver and gray cigarette lighter.








  Barker testified she was the manager of Lucky Food
Store at the time of the burglary.  Barker=s responsibilities
included unlocking the building, disarming the security system, and opening the
store for business each morning.  Barker testified she was in control of Lucky
Food Store on the day of the burglary; the store was not open to the public at
the time of the burglary; and no one had permission to enter the store prior to
her arrival.         Appellant
argues Barker was not an Aowner@ of Lucky Food Store and, therefore, Barker=s testimony fails to satisfy the
State=s burden to prove appellant did not
have effective consent of the owner to enter the store.  See Tex. Penal Code Ann. ' 30.02(a). 
Ownership of the burglarized premises may be proven in one of three ways: (1) title, (2) possession, or (3)
greater right to possession than the defendant.  Id. ' 1.07(a)(35)(A); Alexander
v. State, 753 S.W.2d 390, 392 (Tex. Crim. App. 1988).  APossession@ means actual
care, custody, control, or management.  Tex. Penal Code Ann. ' 1.07(a)(39).  Appellant claims Barker did not have
a greater right to possession of Lucky Food Store than appellant because Barker
was the manager of the store only when the store was open.  However, it is the
employment relationship that determines whether an individual is an Aowner@ under section
1.07(a)(35)(A).  Compton v. State, 607 S.W.2d 246, 250 (Tex. Crim. App.
1979) (op. on reh=g).  Thus, under the Penal Code, any
person who has a greater right to the actual care, custody, control, or
management of the property than the defendant can be the Aowner.@ Alexander,
753 S.W.2d at 392.  Barker=s undisputed testimony that she was the
manager at the time of the burglary gives her a greater right to possession of
Lucky Food Store than appellant, regardless of the fact that she was not
present at the store at the time of the burglary.  See Chowdhury v. State,
888 S.W.2d 186, 187 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (convenience
store district sales manager was Aowner@ of store
property); Baylor v. State, No. 05-02-01172-CR, 2003 WL 21920359, at *1B2 (Tex. App.CDallas Aug. 13,
2003, no pet.) (not designated for publication) (convenience store manager who
arrived in the morning to discover store had been burglarized had greater right
of possession than thief).  Therefore, Barker was an Aowner@ of Lucky Food
Store for the purpose of establishing appellant did not have effective consent of the owner to
enter the store.  See Tex. Penal
Code Ann. '' 1.07(a)(35)(A), 30.02(a).

Viewing all the evidence, including the accomplice witness testimony, in the
light most favorable to the verdict, a rational trier of fact could have found
the essential elements of burglary of a building beyond a reasonable doubt.  See
Salinas, 163 S.W.3d at 737. We overrule appellant=s legal sufficiency point of error.








In this case, the same facts that make the evidence legally
sufficient also make it factually sufficient.  In his appellate brief,
appellant argues the State=s evidence he entered Lucky Food Store is
contradicted by evidence that only two people entered the store, and Yeager and
White pleaded guilty to the burglary.  When considering all the evidence in a
neutral light, this contrary evidence is not so strong that the
beyond-a-reasonable-doubt standard could not have been met, nor is the evidence
supporting the verdict so weak it is clearly wrong and manifestly unjust.  See
Prible, 175 S.W.3d at 730B31. Accordingly, we overrule appellant=s factual
sufficiency point of error.

Conclusion

Having considered and overruled each of appellant=s points of error,
we affirm the judgment of the trial court.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed December 19, 2006.

Panel consists of
Justices Anderson, Hudson, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  We address this issue first in order to determine
whether the accomplice witness testimony may be used in the legal and factual
sufficiency analysis of the evidence.





[2]  The trial court included the instruction on the law of parties in the
jury charge, thereby eliminating the State=s burden to prove appellant actually entered Lucky Food
Store.  See Tex. Penal Code Ann.
'' 7.01(a), 7.02(a)(2) (Vernon 2003);
Powell v. State, 194 S.W.3d 503, 506B07 (Tex. Crim. App. 2006).