Opinion issued December 9, 2010                                         

 

 

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00478-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KRISTIAN JERIL COLLIER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1153923

 

 



MEMORANDUM
OPINION

          A
jury convicted Kristian Jeril Collier, appellant, of capital murder.[1]  The trial court sentenced him to life
imprisonment without parole.[2]  In two issues, appellant contends (1) the
evidence does not sufficiently corroborate accomplice witness testimony and (2)
the evidence is factually insufficient to support his conviction.  We affirm the judgment of the trial court.  

Background

          Appellant
privately asked Deon Wilder to borrow a .45 High Point semiautomatic handgun
because he “had a lick lined up,” i.e. a robbery.  Appellant testified he asked for the gun for
protection while visiting a woman in the apartment complex across the
street.  Appellant also borrowed a pair
of black and grey striped tennis shoes from one of Wilder’s roommates.  

Dwayne Cormier was shot in the
apartment complex across the street from Wilder’s complex.  Cormier’s girlfriend found him lying on the
ground with three gunshot wounds.  Cormier
died as a result of his injuries.  A
neighbor reported seeing a young, six foot tall man in dark clothes and a skull
cap running through the apartment complex. 


Law enforcement officers
investigating the scene found three shell casings in the area that matched the
bullet fragments found during Cormier’s autopsy.  The bullets were hollow tipped and came from
a .45 High Point semiautomatic handgun.  They
found a discarded black and grey striped tennis shoe with Cormier’s blood
spattered on the outside and appellant’s DNA on the inside.  They also found foot prints in the disturbed
and muddy landscaping, which suggested a struggle.

The jury heard testimony on two
different versions of the shooting. 
Wilder testified appellant returned with the gun after forty-five
minutes.  Appellant told Wilder he tried
to rob a man, the two struggled, the gun dropped, and then he shot the man
three times.  Two of Wilder’s roommates
testified appellant stated he shot someone during a robbery.  One roommate testified appellant stated, “we
might see something on the news.”  Wilder
and all three roommates testified appellant appeared shaken, out of breath,
muddy, and with only one shoe.  

In his own defense, appellant
testified he went to visit a woman at the apartment complex with a man he knew
as “Shoe Shine.”  He left the gun with
Shoe Shine and when he returned, Shoe Shine was robbing a man in the parking
lot.  Appellant intervened and Cormier
pushed him down.  Shoe Shine shot Cormier
three times.  Appellant ran home, losing
his shoe in the process.  Shoe Shine
later returned Wilder’s gun to appellant and appellant returned it to Wilder.  Appellant told Wilder someone had been shot
with the gun. 

Approximately two weeks after the
murder, law enforcement officers arrested Wilder for possession of a firearm in
violation of his parole.  They
confiscated the gun and determined it to be the murder weapon. 

          Appellant raises two
issues on appeal.  First, he argues the
accomplice witness rule negates Wilder’s testimony and the remaining evidence
is insufficient to corroborate the accomplice evidence.  Second, he argues the evidence was not
factually sufficient with regards to identity. 


Accomplice Witness Rule

          In his first issue, appellant argues the jury could not solely rely on
Wilder’s testimony for conviction because of the accomplice witness rule.  See
Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).  Further,
appellant argues the non-accomplice evidence did not tend to implicate him in
Cormier’s murder and therefore cannot corroborate Wilder’s testimony.  

A.      Applicable
Law

            A
conviction cannot be based on the testimony of an accomplice unless some other
evidence corroborates that testimony and tends to connect the defendant to the
offense. See Tex. Code Crim. Proc. Ann. art. 38.14; Solomon v.
State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001); Cao v. State,
183 S.W.3d 707, 710 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).
Corroborating evidence is insufficient if it merely shows the commission of an
offense.  See Tex. Code Crim. Proc.
Ann. art. 38.14; Solomon, 49 S.W.3d at 361; Cao, 183 S.W.3d at 710.  In making our review, we “eliminate[] all of
the accomplice testimony from consideration and then examine[] the remaining
portions of the record to see if there is any evidence that tends to connect
the accused with the commission of the crime.” 
Castillo v. State, 221 S.W.3d
689, 691 (Tex. Crim. App. 2007).  The
non-accomplice evidence need not directly link the accused to the commission of
the offense nor be sufficient on its own to establish guilt beyond a reasonable
doubt.  Id.; Cao, 183 S.W.3d at 710.  “[T]he [non-accomplice] evidence must simply
link the accused in some way to the commission of the crime and show that
rational jurors could conclude that this evidence sufficiently tended to
connect [the accused] to the offense.”  Simmons v. State, 282 S.W.3d 504, 508
(Tex. Crim. App. 2009) (quoting Malone v.
State, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008).  Thus, when there are two permissible views of
the evidence (one tending to connect the defendant to the offense and the other
not tending to connect the defendant to the offense), appellate courts should
defer to that view of the evidence chosen by the fact-finder.  Id. 

B.      Analysis

          Assuming without deciding that Wilder
was an accomplice, we disregard Wilder’s testimony to see if the non-accomplice
evidence tends to connect appellant to the crime.  The non-accomplice evidence that tends to
implicate appellant includes: the testimony of the three roommates as to
appellant’s admission of guilt and his muddy, shaken appearance; appellant’s
admission to being present at the shooting; the shoe at the scene bearing
appellant’s DNA and Cormier’s blood; appellant’s admission to borrowing those
shoes and the gun identified as the murder weapon; and the bullet fragments and
shell casings that gun.  

Appellant argues the non-accomplice
evidence cannot support conviction without Wilder’s testimony.  First, appellant argues inconsistencies
between Wilder and the three roommates’ testimony should be resolved in his
favor.  We disregard Wilder’s testimony,
however, and look only at the non-accomplice evidence for analysis under the
accomplice witness rule.  See Castillo, 221 S.W.3d at 691.

Second, appellant argues his
testimony should be given more weight. 
He admitted to struggling with Cormier and losing his shoe at the scene.  He also argues his shaken appearance resulted
from witnessing the shooting.  The jury
heard evidence on two scenarios: one in which appellant admitted to shooting
Cormier and one involving Shoe Shine. 
The first version combines the evidence of the shoe and his shaken
appearance with the roommates’ testimony. 
With two permissible views of the evidence, one tending to connect
appellant to the offense and the other not tending to connect appellant to the
offense, this Court defers to the decision of the fact-finder.  See
Simmons, 282 S.W.3d at 508.  Further, non-accomplice evidence like
appellant’s DNA in the shoe links him to the scene in such a way that a
rational juror could conclude the evidence sufficiently connected appellant to
the offense.  See id. 

 
Third, appellant argues the testimony of the three roommates was not
precise enough to implicate him.  Two
roommates testified appellant admitted to shooting someone during a
robbery.  This statement is an admission
of guilt by appellant made to non-accomplice witnesses and directly links him
to the offense.  The third roommate
testified appellant told him he “might see something on the news.”  Non-accomplice evidence, however, need not be
sufficient alone to establish guilt beyond a reasonable doubt and we defer to
the jury’s determination of what evidence to believe.  See
Castillo, 221 S.W.3d at 691; Simmons,
282 S.W.3d at 508.

Fourth, appellant argues facts that
traditionally corroborate accomplice witness testimony are not present.  These facts include flight, change of
identity, destruction of evidence, and threats to witnesses.  The jury heard evidence linking appellant to
the murder like his inculpatory statements to the three roommates, the presence
of his DNA at the scene, and the ballistic evidence showing the gun he borrowed
to be the murder weapon.  The presence or
absence of other factors is irrelevant because the evidence presented tends to
connect the accused to the commission of the offense.  See
Castillo, 221 S.W.3d at 691.  Therefore
the non-accomplice evidence was sufficient to corroborate Wilder’s
testimony.  

We overrule appellant’s first issue.  

Sufficiency of the Evidence

          In
his second issue, appellant argues the evidence was insufficient
to establish his identity as the offender. 


A.      Standard
of Review

We review the sufficiency of the
evidence by considering all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979);
Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App.
2007); Parker v. State, 192
S.W.3d 801, 804 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  The standard of review articulated in Jackson v. Virginia applies to both
legal and factual sufficiency challenges to the elements of a criminal
offense.  See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see Brooks v. State, PD-0210-09, 2010 WL
3894613, at *14, 21–22 (Tex. Crim. App. Oct. 6, 2010); see also Ervin v. State, No. 01-10-00054-CR, 2010 WL 4619329, at *
2–4 (Tex. App.—Houston [1st Dist.] Nov. 10, 2010, no pet. h.) (construing
majority holding in Brooks).  We “may not re-evaluate the weight and
credibility of the record evidence and thereby substitute our judgment for that
of the fact-finder.”  Williams, 235 S.W.3d at 750. We give
deference to the responsibility of the trier of fact to fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. 
Id.  

B.      Analysis

          First, appellant argues for and
against the credibility of witnesses at trial and he points to his own
testimony as authoritative.  He testified
he needed Wilder’s gun for protection after seeing a suspicious person and that
he lost his shoe running from the scene after Shoe Shine shot Cormier.  Appellant argues that since he returned the
gun to Wilder and did not flee the apartments, his testimony should be given
more weight.  He also argues the daily
use of drugs and alcohol by Wilder and his three roommates undermines their testimony.  Finally, he argues Wilder’s testimony
contradicts the three roommates since Wilder said appellant spoke to no one
else in the apartment.  

The jury is the sole judge of the
credibility of witnesses and the weight to give their testimony.  See Williams, 235 S.W.3d at 750.  The
jury heard evidence on the rooommates’ drug and alcohol use and the conflict
with Wilder’s testimony.  The jury also
heard appellant’s testimony.  We defer to
the jury’s discretion to decide what testimony to believe and disbelieve.  See id.  

            Second,
appellant argues he sufficiently explained certain bad facts so as to undermine
their reliability.  Several witnesses
testified appellant traded shoes with one of the roommates.  Therefore, his DNA in the shoes is not
unusual.  Neither side, however,
contested how appellant’s DNA came to be in the shoe.  

            Appellant
also argued law enforcement officers were unable to locate Shoe Shine or the
woman he allegedly visited the night of the murder because of flaws in the
investigation.  Sergeant Mark Reynolds
testified, however, that appellant provided several alternative stories during
interrogation and gave different physical descriptions for Shoe Shine.  He also never gave the name of the woman
involved to police.  Officers canvassed
the apartment complexes where Wilder lived and where the murder occurred, as
well as looked up Shoe Shine in a department database.  They were unable to locate either person.

The evidence on which appellant
relies was not the only proof presented at trial.  Appellant admitted he borrowed the gun
identified as the murder weapon.  He
admitted to being present at the crime scene and his DNA was found there.  Witnesses testified that he appeared muddy,
shaken, and out-of-breath immediately following the murder.  Three witnesses, Wilder and two of his
roommates, testified appellant admitted to shooting someone.  Again, the jury has the discretion to
determine the weight to give the evidence presented at trial.  See id.  Viewing all the evidence in the light most
favorable to the verdict, we hold a rational trier of fact could have found the
essential elements of murder beyond a reasonable doubt.  See id.  

We overrule appellant’s second
issue.  

Conclusion

          We affirm the judgment of the trial court.

 

 

 

 

                                                          Laura Carter Higley                                                                                             Justice 

 

Panel
consists of Chief Justice Radack, Justice Higley, and Justice Massengale.

 

Do not publish.   Tex. R. App. P. 47.2(b). 

 

 











[1]           See Tex.
Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2010).

 





[2]           Tex. Penal Code Ann. §12.31(a)(2) (Vernon Supp. 2010).