Affirmed and Memorandum Opinion filed February 10, 2009








Affirmed and Memorandum Opinion filed February 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00732-CR

____________

 

CLARENCE HENRY MATHIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1072790

 



 

M E M O R A N D U M   O P I N I O N

Appellant Clarence Henry Mathis appeals his conviction of
capital murder challenging the legal and factual sufficiency of the evidence,
alleging the trial court erred in admitting evidence of unadjudicated
extraneous offenses, and complaining that the trial court should have given a
jury instruction on the lesser-included offense of murder.  We affirm. 

I.  Factual and Procedural
Background

Police officers responded to a 9-1-1 call from a homeowner
who heard multiple gunshots outside of his home.  The officers discovered the
complainant, Christopher Washington, lying face-down on the homeowner=s porch.  He had
been shot and was not breathing.  Washington wore a shirt and boxer shorts, but
no pants.  The officers observed a white vehicle with the engine still running
parked nearby.  They later learned the vehicle belonged to Washington. 

One officer recovered nine .40 caliber shell casings from
the scene.  A tenth casing was later recovered from Washington=s shirt during an
autopsy.  The casings were manufactured by Federal.  Autopsy reports later revealed
that Washington died of a gunshot wound to the heart. 

Officers discovered a pair of pants and a cell phone inside
Washington=s car.  By searching the cell phone, an officer
contacted the person who called the phone last, Jauncey Wheeler.  Wheeler met
with officers and gave a statement to them.  With information learned from
Wheeler, the officers obtained a warrant for appellant=s arrest. 

When officers attempted to arrest appellant, he fled and
the officers followed him.  One officer saw appellant draw a 9mm pistol[1]
from the waistband of his pants, point the weapon at the pursuing officers, and
discard it as he ran.  The officers arrested appellant, who at first gave
officers an incorrect name, age, and birth date.  Subsequent to his arrest,
officers recovered the discarded pistol, and, in his apartment, found some
marijuana and four, unfired .40 caliber bullets that were manufactured by
Federal.  However, the officers determined that the gun, the marijuana, and the
bullets were not linked to the murder investigation.








Appellant was charged by indictment with capital murder, to
which he pleaded Anot guilty.@  At the jury
trial that followed, Courtney Price testified to the events leading up to
Washington=s death.  She described how she and Wheeler first met
Washington at a local Wal-Mart earlier in the day, where Wheeler and Washington
exchanged phone numbers and then parted ways.  Later that evening at Wheeler=s apartment,
Washington contacted Wheeler by cell phone.  They agreed to meet at a nearby
apartment complex.  Price and Wheeler departed to meet Washington.  Appellant,
wearing all black clothing, joined them in the same vehicle.  Price testified
that she was not aware of any plan to rob Washington, nor did she see appellant
carrying a gun at the time. 

Price explained that once the three reached the apartment
complex, appellant exited the vehicle and walked toward the apartment building. 
After a series of phone communications with Washington, in which Wheeler gave
directions to the apartment complex, Price described how Wheeler parked the
vehicle and left to meet Washington near some vending machines.  Price remained
in the vehicle, listening to music, when she heard eight gunshots.  Price
testified that Wheeler jumped back in the vehicle, and Price begged Wheeler to
leave, but Wheeler would not leave without appellant.  Appellant entered the
vehicle and indicated that Washington Aain=t have anything.@  Price recalled
that the three left the scene, and she learned from the conversation between
Wheeler and appellant that appellant shot Washington.  When Wheeler asked
appellant why he shot Washington, appellant responded that Washington did not
have anything to give up, and appellant told them that he forced Washington to
remove his pants.  Appellant indicated that Washington only had a bag of
marijuana, which Price saw, and appellant gave it to Wheeler.  Price saw
appellant with a black gun, the same one she had seen appellant carry in the
past.








Wheeler, who was charged as an accomplice for aggravated
robbery of Washington, also testified at trial.  Wheeler explained how she
recalled seeing a lot of money in Washington=s wallet after
meeting him at Wal-Mart.  She recounted how later that evening, she and
appellant, her neighbor, developed a plan to rob Washington.  She made
arrangements to meet Washington and left with Price and appellant.  Wheeler
explained that upon their arrival at the arranged meeting place, appellant
exited her vehicle, and she later saw him in Washington=s car as
Washington pulled away.  Wheeler saw Washington stop his vehicle and appellant
got out.  She saw Washington run from his vehicle into a nearby yard, wearing
boxer shorts and a t-shirt.  Wheeler saw appellant shoot Washington multiple
times with two guns.  Wheeler testified that when appellant returned to her
vehicle, he had only one black gun, and appellant told the Price and Wheeler
that he shot Washington because Washington jumped from the vehicle.  Wheeler
denied seeing any marijuana that appellant took from Washington.

The jury found appellant guilty and a trial judge assessed
punishment at life in prison.  Appellant now challenges his conviction, raising
several issues.

II.  Issues and Analysis

A.      Is the evidence legally and factually sufficient to
support appellant=s conviction?








In his first three issues, appellant challenges the
sufficiency of the evidence.  In evaluating a legal‑sufficiency challenge,
we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal
is not whether we, as a court, believe the State=s evidence or
believe that appellant=s evidence outweighs the State=s evidence.  Wicker
v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not
be overturned unless it is irrational or unsupported by proof beyond a
reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App.
1991).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to
believe or disbelieve any portion of the witnesses= testimony.   Sharp
v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

In
contrast, when evaluating a challenge to the factual sufficiency of the
evidence, we view all the evidence in a neutral light and inquire whether we
are able to say, with some objective basis in the record, that a conviction is Aclearly wrong@ or Amanifestly unjust@ because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson v. State,
204 S.W.3d 404, 414B17 (Tex. Crim. App. 2006).  It is not enough that this court
harbor a subjective level of reasonable doubt to overturn a conviction that is
founded on legally sufficient evidence, and this court cannot declare that a
conflict in the evidence justifies a new trial simply because it disagrees with
the jury=s resolution of that conflict.  Id.
at 417.  If this court determines the evidence is factually insufficient, it
must explain in exactly what way it perceives the conflicting evidence greatly
to preponderate against conviction.  Id. at 414B17.  Our evaluation should not
intrude upon the fact finder=s role as the sole judge of the weight and credibility given
to any witness=s testimony.  See Fuentes, 991 S.W.2d at 271. Unless issuing a
memorandum opinion, in conducting a factual‑sufficiency review, we are to
address the evidence appellant claims is most important in allegedly
undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).

1.       Evidence
of Robbery








In his first and third issues, appellant does not challenge
the evidence supporting the murder, but rather challenges only the legal and
factual sufficiency of the evidence to establish the offense of robbery
underlying his capital murder conviction.  A person commits the offense of
murder if he intentionally or knowingly causes the death of an individual.  Tex. Penal Code Ann. ' 19.02(b)(1)
(Vernon 2003).  A person commits capital murder when that person commits murder
as defined by section 19.02(b) and that person intentionally commits the murder
in the course of committing or attempting to commit robbery.  See id. ' 19.03(a)(2)
(Vernon Supp. 2008).  

To establish capital murder committed in the course of a
robbery, the State also must  present proof beyond a reasonable doubt, in
addition to the alleged murder, that the accused possessed specific intent to
obtain or maintain control of another=s property either
before or during the commission of the offense.  Maldonado v. State, 998
S.W.2d 239, 243 (Tex. Crim. App. 1999); Russo v. State, 228 S.W.3d 779,
792 (Tex. App.CAustin 2007, pet. ref=d).  However,
proof of a completed theft is not required.  See Bustamante v. State,
106 S.W.3d 738, 740 (Tex. Crim. App. 2003).  If there is evidence from which a
rational jury could conclude beyond a reasonable doubt that the accused formed
the intent to obtain or maintain control of the victim=s property either
before or during the commission of the murder, then the State has proved that
the murder occurred in the course of the robbery.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001).  This is true even when the
appropriation occurred after the murder.  Zimmerman v. State, 860 S.W.2d
89, 93 (Tex. Crim. App. 1993).  Specific intent to rob may be inferred from circumstantial
evidence and from an accused=s conduct.  Maldonado, 998 S.W.2d
at 243.  The State may prove its entire case by circumstantial evidence if it
proves all of the elements of the charged offense beyond a reasonable doubt.  See
Russo, 228 S.W.3d at 793.

In this case, Wheeler testified that she and appellant
developed a plan to rob Washington.  She also testified to seeing appellant
shoot Washington.  Washington died of a gunshot wound to his chest.  Price testified
to seeing appellant with a gun when he returned to the vehicle.  She saw
marijuana that appellant claimed to have taken from Washington and recounted
how appellant acknowledged shooting Washington, but Washington did not have
anything. 








Appellant cites the conflicting testimony between Wheeler
and Price regarding whether they saw the marijuana appellant purportedly took
from Washington.  Because the jury may choose to believe or disbelieve any
portion of the witnesses= testimony, we presume that when faced
with conflicting evidence, as in this case, the jury resolved conflicts in
favor of the prevailing party.  Turro, 867 S.W.2d at 47; Sharp,
707 S.W.2d at 614. 

As proof that he did not commit the robbery, appellant
further points to testimony at trial that the marijuana found at appellant=s apartment was
not linked to Washington=s death.  However, Aproof of a
completed theft is not required to establish the underlying offense of robbery
or attempted robbery.@  Bustamante, 106 S.W.3d at 740. 
Furthermore, our determination involves whether the accused possessed specific
intent to obtain or maintain control of another=s property either
before or during the commission of the offense.  Maldonado, 998 S.W.2d
at 243); Russo, 228 S.W.3d at 792.  Wheeler=s testimony of
their plan to rob Washington is evidence supporting appellant=s specific intent
to rob Washington.

Finally, the State also presented evidence that appellant
fled and offered a false name when officers tried to arrest him.  The jury
reasonably could have inferred that appellant fled because he was guilty.  See
Felder v. State, 848 S.W.2d 85, 98 (Tex. Crim. App. 1992) (providing
officers with false identification indicates Aconsciousness of
guilt@); Foster v.
State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989) (AEvidence of flight
is admissible as a circumstance from which an inference of guilt may be drawn.@); Yost v.
State, 222 S.W.3d 865, 875 (Tex. App.CHouston [14th Dist.]
2007, pet. ref=d) (considering evidence of flight and use of a fake
name as consciousness of guilt for sufficiency purposes). 








In viewing the evidence in the light most favorable to the
verdict, we conclude that a rational jury could have found beyond a reasonable
doubt all the essential elements of capital murder, including the aggravating
element of robbery.  See Russo, 228 S.W.3d at 795.  Viewing the evidence in a neutral
light, we are not able to say with some objective basis in the record that
appellant=s conviction is clearly wrong or manifestly unjust because the great
weight and preponderance of the evidence contradicts the jury=s verdict.  See Bustamante,
106 S.W.3d at 741.  We hold that the evidence is legally and factually
sufficient to support appellant=s conviction for murder in the course of committing a robbery,
and this is sufficient to support his murder conviction.  Therefore we
overrule appellant=s first and third issues.

2.       Accomplice
Testimony

In his second issue, appellant challenges the legal
sufficiency of the evidence to corroborate Wheeler=s[2]
accomplice testimony.  Article 38.14 of the Texas Code of Criminal Procedure
requires that a conviction cannot stand on accomplice testimony unless it is
corroborated by other evidence that tends to connect the accused with the
offense.  Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005); Colella v. State, 915 S.W.2d 834, 838 (Tex.
Crim. App. 1995).  Corroborating evidence is insufficient if it merely shows
the commission of an offense.  Tex. Code
Crim. Proc. Ann. art. 38.14; Cathey v. State, 992 S.W.2d 460, 462
(Tex. Crim. App. 1999).  In assessing the sufficiency of corroborative
evidence, we eliminate the testimony of the accomplice witness from our
consideration and examine the testimony of the other witnesses to ascertain
whether the non-accomplice evidence tends to connect the accused with the
commission of the offense.  St. Julian v. State, 132 S.W.3d 512,
516 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).  The
non-accomplice evidence need not by itself establish the accused=s guilt beyond a
reasonable doubt.  Id.  Rather, some evidence must exist that tends to
connect the accused to the commission of the offense.  Id.

Even without Wheeler=s testimony,
evidence at trial tends to connect appellant to Washington=s murder.  In this
case, Price described how appellant, dressed in all-black








 clothing,
joined her and Wheeler on the way to meet Washington.  Appellant exited the
vehicle upon their arrival.  Price testified to hearing multiple gunshots and
seeing appellant with a gun upon his return to the vehicle.  Price recounted
that as they left the scene, appellant responded to Wheeler=s questions about
the shooting, indicating that he shot Washington because Washington did not
want to give anything up.  Price recalled seeing the marijuana that appellant
said he took from Washington and that appellant gave the marijuana to Wheeler. 
The nine .40 caliber shell casings found at the crime scene were manufactured
by the same company, Federal, that made the four unfired .40 caliber bullets found
at appellant=s apartment.  

Proof that appellant was at or near the crime scene at or
about the time the crime occurred, coupled with the Price=s account of the
events, may well be enough to connect the appellant to the offense.  See
Dowhitt v. State, 931 S.W.2d 244, 249 (Tex. Crim. App. 1996).  Furthermore,
evidence of flight evinces a consciousness of guilt, and, therefore, would tend
to provide suspicious circumstances that is coupled with appellant=s presence near
the crime scene.  See Bonner v. State, No. 14-04-00797-CR, 2005 WL
3435417, at *7 (Tex. App.CHouston [14th Dist.] Dec. 15, 2005, pet.
ref=d) (mem. op., not
designated for publication) (concluding that evidence of flight corroborated an
accomplice=s testimony).  We conclude the evidence tends to
connect appellant to the commission of murder in the course of robbing
Washington.  See Cathey, 992 S.W.2d at 462.  Article 38.14 requires only
some non-accomplice evidence tending to connect the defendant with the crime,
not non-accomplice evidence for every element of the crime.  Vasquez v.
State, 56 S.W.3d 46, 48 (Tex. Crim. App. 2001).  Therefore, we conclude
that the non-accomplice evidence is sufficient to connect appellant to the
offense of capital murder.  See Bonner, 2005 WL 3435417, at *7. 
Accordingly, the evidence is sufficient to support appellant=s conviction for
capital murder.  We overrule appellant=s second issue.








B.      Did the trial court err in
denying appellant a requested jury instruction as to the lesser-included
offense of murder?

In his fourth issue, appellant complains that the jury
should have been instructed on the lesser-included offense of murder because
there is no evidence of a robbery as required in a charge for capital murder.  

An offense is a lesser[-]included offense if:

(1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an
otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09
(Vernon 2006).

A defendant is entitled to every defensive issue raised by
the evidence.  Tex. Code Crim. Proc.
Ann. art. 36.14 (Vernon 2007); Gowans v. State, 995 S.W.2d 787,
792 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d).  To warrant a
jury instruction on a lesser-included offense in the jury charge, a defendant
must demonstrate that (1) the elements of the lesser offense are contained
within the proof necessary to establish the charged offense as pleaded in the
State=s indictment, and
(2) the record contains some evidence by which a jury rationally could conclude
that if the defendant is guilty, the defendant is guilty of only the lesser
offense and not the greater offense.  See Hall v. State, 225 S.W.3d 524,
535 (Tex. Crim. App. 2007) (applying Apleadings approach@ as sole test in
first step of determining whether a party is entitled to a lesser-offense
instruction); Hayward v. State, 158 S.W.3d 476, 478 (Tex. Crim. App.
2005); Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). 








We first ask the question that article 37.09(1) poses:  Are
the elements of the purported lesser-included offense Aestablished by
proof of the same or less than all the facts required to establish the
commission of the offense charged@?  See Hall,
225 S.W.3d at 536.  The first prong of the test has been met because murder is
necessarily a lesser-included offense of capital murder.  See Tex. Penal Code Ann. ' 19.03; McKinney
v. State, 207 S.W.3d 366, 370 (Tex. Crim. App. 2006).  We next determine,
under the second prong, whether the record contains some evidence by which a
jury rationally could conclude that if the defendant is guilty, the defendant
is guilty of only the lesser offense and not the greater offense.  See Hall,
225 S.W.3d at 535. 

Appellant argues that the evidence is insufficient to show
appellant caused Washington=s death while in the course of committing
a robbery.  Proof of a completed robbery is not required to establish the
underlying offense of robbery or attempted robbery.  Bustamante, 106
S.W.3d at 740.  To show attempted robbery, the State must prove beyond a
reasonable doubt that appellant had specific intent to commit robbery either
before or at the time of the murder.  See Meeks v. State, 135 S.W.3d
104, 113 (Tex. App.CTexarkana pet. ref=d).








In this case, and as discussed above in appellant=s first and third
issues, the State introduced evidence, through Price and Wheeler, from which
the jury rationally could conclude that appellant possessed specific intent to
obtain or maintain control of Washington=s property either
before or during the commission of the murder.  See Bustamante, 106 S.W.3d at 741.  Wheeler
testified that she and appellant developed a plan to rob Washington.  Price
testified that appellant acknowledged that he shot Washington and showed the
marijuana he took from Washington.  As discussed above, the evidence is
sufficient to support a conclusion that Washington=s murder occurred
in the course of the robbery.  See Bustamante, 106 S.W.3d at 741.  The requisite intent may be inferred
from circumstantial evidence and from appellant=s conduct.  Wolfe
v. State, 917 S.W.2d 270, 275 (Tex. Crim. App. 1996).  Given Wheeler=s and Price=s testimony, the
jury rationally could conclude that appellant had specific intent to commit
robbery.  Therefore, there is no evidence in the record from which a rational
finder of fact could have found that appellant was guilty of only the
lesser-included offense of murder.  See Dixon v. State, No.
14-07-00792-CR, 2008 WL 4917964, at *3 (Tex. App.CHouston [14th
Dist.] Nov. 18, 2008, no pet. h.).  Accordingly, we conclude that the trial
court did not err in denying appellant=s requested jury
charge on the lesser-included offense of murder.  See id. at *4.  We
overrule appellant=s fourth issue. 

C.      Did the trial court err in
admitting evidence of unadjudicated extraneous offenses?

In his fifth issue, appellant argues the trial court erred
in admitting evidence of four unfired shell casings, a bag of marijuana, and a
9mm pistol recovered from appellant=s possession or
apartment following his arrest.  

We review a trial court=s decision to
admit or exclude evidence under an abuse-of-discretion standard.  Mozon v.
State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh=g).  Under this
standard, we reverse only if the ruling is outside the zone of reasonable
disagreement.  Montgomery, 810 S.W.2d at 391.








Texas Rule of Evidence 404(b) permits extraneous-offense
evidence of other crimes, wrongs, or acts if the evidence holds relevance apart
from proving that the defendant acted in conformity with bad character.  Tex. R. Evid. 404(b); Moses v.
State, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003).  A trial court violates
Rule 404(b) if, despite a timely and specific objection, it admits evidence of
other crimes, wrongs, or acts that is relevant to nothing except an attempt to
show the defendant acted in conformity with a bad character.  Montgomery,
810 S.W.2d at 386B87.  Extraneous-offense evidence may be
admitted for some purposes apart from relevance to character conformity,
including proof of motive, opportunity, intent, preparation, plan, knowledge,
identity, or absence of mistake or accident.  Tex.
R. Evid. 404(b); Montgomery, 810 S.W.2d at 387B88.  However, to
introduce evidence for a purpose other than character conformity, or any other
purpose permitted under 404(b), does not alone make the evidence admissible.  Rankin
v. State, 974 S.W.2d 707, 709 (Tex. Crim. App. 1996).  The
extraneous-offense evidence also must be relevant to a Afact of
consequence@ in the case.  Id.; see Tex. R. Evid. 401 (concerning
relevance).  Evidence is relevant if it has Aany tendency to
make the existence of any fact that is of consequence to the determination of
the action more or less probable than it would be without the evidence.@  Tex. R. Evid. 401; Montgomery,
810 S.W.2d at 375B76 (noting that relevant evidence needs
only to Atend@ to affect some
probability or would logically influence the issue). 








In this case, the bullets were relevant as a Afact of
consequence@ to the case because the bullets found in appellant=s apartment were
the same caliber and manufactured by the same company as those found at the
crime scene.  See Quesada v. State, No. 04-04-00438-CR, 2006 WL 1993762,
at *4 (mem. op., not designated for publication) (providing that possession of
shell casing was not evidence of a crime and were admitted not for proof of bad
character, but, in addition to admitting a picture of the murder weapon, to
provide a connection to the murder weapon); see also Zarychta v.
State, 44 S.W.3d 155, 167 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (noting that a store receipt for the
same type of ammunition as used in a murder was corroborating evidence linking
appellant to the murder).  Possession of the casings is not indicative of
illegal activity; however, the bullets provided a connection to the murder.  See
Quesada, 2006 WL 1993762, at *4.  Moreover, the marijuana was relevant
as a Afact of
consequence@ because Price=s testimony at
trial suggested that appellant took some marijuana from Washington, which could
establish motive and corroborated Price=s account of
events after the murder.  See Tex.
R. Evid. 404(b) (allowing extraneous-offense
evidence to prove motive); Montgomery, 810 S.W.2d at 387B88.  Evidence by
itself need not prove or disprove a particular fact of consequence; however, it
is sufficient if the evidence, as in this case, provides a small nudge towards
proving or disproving a fact of consequence.  See Stewart v. State, 129
S.W.3d 93, 96 (Tex. Crim. App. 2004).  Evidence of both the bullets and the
marijuana tends to make the existence of any fact that is of consequence to the
determination of this action more or less probable than it would be without the
evidence.  See Tex. R. Evid.
401; Montgomery, 810 S.W.2d at 375B76.  Therefore, in
this case, both the marijuana and bullets were relevant to proving or
disproving a fact of consequence beyond mere action in conformity with bad
character.  See Tex. R. Evid.
404(b).

Similarly, as discussed above, appellant demonstrated
consciousness of guilt by fleeing and pointing the pistol at officers in an
attempt to evade arrest.  See Yost, 222 S.W.3d at 875.  Because
appellant fled and pointed the pistol at officers when they attempted to arrest
him, the gun is admissible and relevant as a display of consciousness of
guilt.  See Madden v. State, 911 S.W.2d 236, 243 (Tex. App.CWaco, 1995 pet.
ref=d) (admitting
extraneous-offense evidence to show consciousness of guilt is exception to rule
prohibiting admission of such evidence at trial).  The extraneous-offense
evidence of the pistol, unfired bullets, and marijuana were relevant apart from
proving appellant=s action in conformity therewith, and
consequently that evidence is admissible extraneous-offense evidence under
404(b).  Tex. R. Evid. 404(b); Montgomery,
810 S.W.2d at 387B88.  For this reason, the trial court did
not err in admitting the extraneous-offense evidence over appellant=s 404(b)
objections.  See Moses, 105 S.W.3d at 627; Montgomery, 810 S.W.2d
at 386B87. 








Under Rule of Evidence 403, even if relevant evidence is
offered and admitted, a trial court nonetheless should exclude it from evidence
if the probative value of the evidence is substantially outweighed by the
danger of unfair prejudice.  Tex. R.
Evid. 403; Montgomery, 810 S.W.2d at 387.  Courts should balance
the following factors under a Rule 403 analysis:  (1) the strength of the
evidence in making a fact more or less probable, (2) the potential of the
extraneous-offense evidence to impress the jury in some irrational but
indelible way, (3) the amount of time the proponent needed to develop the
evidence, and (4) the strength of the proponent=s need for this
evidence to prove a fact of consequence.  Mozon, 991 S.W.2d at 847. 
When, as in this case, the record is silent as to the trial court=s balancing of
these factors, we presume the trial court conducted the balancing test.  See
Williams v. State, 958 S.W.2d 186, 195B96 (Tex. Crim.
App. 1997).

In considering the factors, the evidence tends to make some
facts more or less probable.  Moreover, it is unlikely that the jury was
impressed in some indelible way by the admission of the pistol, the marijuana,
or the bullets.  The State did not emphasize the evidence beyond establishing
facts surrounding appellant=s arrest, nor did the State spend an
inordinate amount of time developing the evidence despite the State=s need to develop
evidence in light of the circumstantial evidence of the case.  In considering
the overwhelming evidence of appellant=s guilt,
especially as reflected by Price=s and Wheeler=s testimony, it is
unlikely that the evidence had anything more than a slight effect upon the jury=s considerations. 
See Motilla v. State, 78 S.W.3d 352, 357 (Tex. Crim. App. 2002).

A trial court=s 403 ruling
admitting extraneous-offense evidence must be upheld so long as it is Awithin the zone of
reasonable disagreement.@  Montgomery, 810 S.W.2d at 391.  In
balancing the above factors, the prejudice from the extraneous-offense evidence
does not outweigh its probative value.  The trial court=s ruling is within
the zone of reasonable disagreement.  See Moses, 105 S.W.3d at 626; Williams,
958 S.W.2d at 195B96.  Accordingly, we conclude the trial
court did not abuse its discretion under Rules 404(b) or 403 in admitting the
extraneous-offense evidence.  See Moses, 105 S.W.3d at 627.  We overrule
appellant=s fifth issue.

 

 

 








Having overruled each of appellant=s five issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Panel consists of Justices Anderson and Frost and Senior
Justice Hudson.*

Do Not Publish C Tex. R. App. P.
47.2(b).









[1]  Testimony at trial indicated that a 9mm pistol could
not fire the .40 caliber bullets, as found at the crime scene.





[2]  Wheeler was convicted for aggravated robbery arising
out of the Washington=s murder, which appellant claims makes her an
accomplice as a matter of law.  





*  Senior Justice J. Harvey Hudson sitting by
assignment.